Mims v. Parker & Coffman.

1. To authorize a judgment against a garnishee on his answer, he must admit an indebtedness in *money*, to the defendant in attachment.
2. The answer of a garnishee, admitting an indebtedness to the defendant in attachment, to be discharged in his notes due other persons, to be afterward procured, will not authorize a judgment against the garnishee.

Error to the County Court of Sumter.

THE 'plaintiff in error was summoned as garnishee, at the instance of the defendants, to answer whether he was not indebted to one Samuel Redus, against whom the testators of the defendants in error had obtained judgment.

The plaintiff appeared, and answered in substance, that he and Reedes had been in partnership in a tan yard; that Redus being embarrassed by debts, proposed to sell his interest to him, and offered to take fifteen hundred dollars in his own notes, or claims due by him to other persons, which Redus represented could be obtained on time, at twenty-five per cent. discount. That he endeavored to obtain the notes, and applied to the defendants in error, to sell the one they had on Redus, which they refused, and issued the garnishment. That after this he procured four hundred dollars of the debts of Redus, with which, together with a debt Redus owed him, and a negro estimated at eight hundred dollars, he purchased the interest of Redus in the tan yard; and states that he was not indebted to him at the service of the garnishment, and was not, when he put in his answer; but that at that time, Redus owed him from thirty to fifty dollars.

On this answer the court rendered judgment against the garnishee, for the amount of the debt, to reverse which he prosecutes this writ of error.

Vandegraff, for plaintiff in error.

ORMOND, J.—No judgment can be rendered against a garnishee on his answer, unless he confesses an indebtedness in money, to the defendant in the attachment. If the answer be evasive, and drawn with a view to evade the question, it may be treated as a nullity, and judgment *nisi* be entered. Scales v. Swan, 9th Porter, 163.

Here, there is no evasion; the answer on the contrary, is unnecessarily full; but it states no fact which would authorize a judgment against him. In the case of Smith against Chapman & Brother, 7th Porter 365, the garnisshee, by his answer, admitted that he was indebted to the defendant in attachment in a certain sum, to be paid in *store accounts;* which this court held would not warrant a judgment against the garnishee. So in this case, the answer admits a contract with the defendant in attachment, to purchase his interest in a tan yard, and that he was to pay in the notes of Redus, the defendant in attachment, which he was to procure, and expected to get at twenty-five per cent. discount, and on time. This is evidently not a money contract, and to treat it as such, and render a judgment against the garnishee, would be doing him great injustice; it would be enlarging his contract with Redus, both as to the mode and time of payment.

No judgment can be rendered against the garnishee in this case, so long as the answer is admitted to be true, which is done by the motion for a judgment. If the facts stated in the answer were not admitted to be true, they should have been contested on an issue.

Let the judgment be reversed, and the cause remanded, to enable the defendants in error, if they think proper to contest the answer.