# Bailey *v.* Irwin.

*Bill in Equity to enforce Trust in Lands.*

72   505|
124   417|

1.  *Statute of frauds as to contracts relating to lands; how pleaded.*—The statute of frauds, as a defense in equity to a bill which seeks the specific performance of a contract relating to lands, must be pleaded, unless the bill shows on its face that the contract is obnoxious to the provisions of the statute.

2.  *Parol trust; sufficiency of evidence to establish.*—A trust in lands, created verbally, can not be established in equity, unless it is plain and unambiguous in its terms, and proved by clear and convincing evidence; and a trust in personal property, created verbally, and dependent entirely upon oral testimony, can only be established by clear and explicit evidence.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. H. C. SPEAKE, as special referee, under the statute approved February 23d, 1881.—Session Acts 1880–81, p. 66.

The bill in this case was filed on the 25th February, 1878, by Helen H. Bailey, an infant, who sued by her next friend, against William C. Irwin, who was her maternal grandfather, Samuel A. Bailey, her father, and several other persons; and sought to establish and enforce an alleged trust in a tract of land, the title to which the said Irwin had taken in his own name, and to certain personal property in his possession, consisting of mules, horses, farming implements, &c. The complainant was the only child of said Samuel A. Bailey, by his deceased wife, Mary, who was the only daughter of said William C. Irwin; and she sought by her bill to establish and enforce a trust in the lands and personal property, on two grounds: 1st, that a large portion of the purchase-money of the property was advanced by her mother, under an agreement with said Irwin that it should be invested by him in the lands for her benefit, although he took the legal title in his own name, in violation of said agreement; 2d, that a trust arose in her mother's favor, and in her favor on her mother's death, by operation of law, on account of the moneys so invested. The bill was filed while the case was pending of *Samuel A. Bailey v. W. C. Irwin* (reported *ante*, pp. 467–76), and the facts in the two cases were substantially the same; the complainant here recognizing the validity of the agreement sought to be enforced in that case, and seeking to enforce the alleged trust in the other portions of the property

[Bailey v. Irwin.]

not embraced in that agreement. The respondent Irwin, in his answer, denied the alleged agreement; and the alleged use of his daughter's money in making the purchase, in these words : "Respondent purchased the said property in his own name, and claims that he bought the land for himself only. He did not use the money of the said Mary, his daughter, in making said purchase, but used his own money only; borrowing some of said money, and giving a mortgage to secure the same. Respondent does not say, and has not said, that he used a large amount of said Mary's money in the purchase of said land. What he does say is, that he gave said Mary certain moneys, a portion of which, amounting to $6,700, she returned to him ; and that said sum was used in part, in the purchase of said property, real and personal." He also pleaded the statute of limitations of three, six, and ten years. On final hearing, on pleadings and proof, the chancellor dismissed the bill, but without giving any reasons for his decree, so far as the record shows ; and his decree is now assigned as error.

HUMES & GORDON, for appellant.—The testimony in this case being identical with that in the case of *Irwin v. Bailey*, at the present term, the appellant relies on the argument submitted in that case on the facts. That a resulting trust in the lands is established by the evidence, see *Caple v. McCollum*, 27 Ala. 461 ; *Crothers v. Lay*, 51 Ala. 390. That the statute of limitations is not available as a defense, where there is an express and continuing trust, as here, see cases cited in 2 Brick. Digest, 217–18, §§ 9–12.

WALKER & SHELBY, *contra*. (No brief on file.)

BRICKELL, C. J.—Whether the agreement the bill seeks to enforce, so far as it concerns lands, is not offensive to the statute (Code of 1876, § 2199) prohibiting the creation of trusts in lands otherwise than by writing, is not a question now presented. The statue is a substantial re-enactment of the seventh and eight sections of the English statute of frauds, though differing in phraseology, and has the same purpose,—the requisition of written evidence of trusts concerning lands, and the prohibition of the enforcement of such trusts resting merely in parol, when they arise from the agreement of the parties, and do not result from the implication or construction of law. *Patton v. Beecher*, 62 Ala. 579. A defense arising under the statute of frauds, unless upon the face of the bill it is shown the agreement sought to be enforced is not in writing, must be pleaded ; and if not pleaded, and the agreement is admitted, or, if denied, is established by proof, it will be enforced.—*Patter-*

[Harris v. Moore.]

*son v. Ware,* 10 Ala. 444. The statute of frauds was not pleaded by the defendant Irwin; he rested upon a denial of the making of the agreement; and the case is consequently reduced to the inquiry, whether the agreement as alleged is proved.

Though the statute of frauds is not pleaded or relied upon, it is essential that the trust, so far as it concerns lands, should be plain and unambiguous, and shown by clear and convincing evidence.—*Slocum v. Marshall,* 2 Wash. C. C. 397; *Mercer v. Stark,* 1 Sm. & Mar. Ch. 479. And if it is intended to fasten a trust upon personal property, created verbally, and dependent upon merely oral testimony, the testimony ought to be clear and explicit.—Perry on Trusts, § 77. We have carefully examined the evidence in this cause, and are of opinion that it is too conflicting, vague and indefinite, to establish the agreement alleged. Such was the conclusion of the chancellor, and his decree must be affirmed.