# White *v.* Hobart.

### *Attachment and Garnishment ; Contest of Claim of Exemption.*

1. *Garnishment of debt not due, or contingent.*—When a garnishee admits an indebtedness, to fall due at a future time, and not subject to any contingency, judgment may be rendered against him, with a stay of execution until the maturity of the debt ; but, when the admitted indebtedness is contingent—as, " when he completes my house according to contract "—and there is no contest of the answer, nor demand for further answer, there is nothing to support a judgment against the garnishee, with stay of execution.

2. *Claim of exemption to debt admitted by garnishee, and contest thereof ; premature judgment ; when appeal lies.*—When a garnishee admits an indebtedness, payable on a future contingency, the debtor may at once interpose a claim of exemption, and his claim may be contested by the attaching creditor ; but, the answer of the garnishee not being contested, nor further answer required, a trial of the contested claim of exemption is premature, and the judgment rendered on it will not support an appeal.

APPEAL from the City Court of Decatur.

Tried before the Hon. WM. H. SIMPSON.

This action was brought by Mrs. Mary S. Hobart, against W. L. White, and was commenced on the 6th April, 1889, in the court of a justice of the peace. A garnishment was sued out in aid of the action, which was served on L. M. Falk, as the debtor of said White. Before answer filed by the garnishee, the defendant interposed a claim of exemption to the debt due to him by the garnishee ; and his claim was contested by the plaintiff, on the ground that he was not a resident citizen of Alabama. On the trial of this issue, the justice rendered judgment for the plaintiff, as copied in the opinion of the court. From this judgment the defendant appealed to the City Court ; and the cause being there submitted to the decision of the court without a jury, the court found the issue in favor of the plaintiff, and rendered judgment as follows : "Come the parties, by their attorneys, and in open court consent, by agreement filed with the clerk, that on the trial of this cause a jury is waived ; and now comes the garnishee, by attorney, and moves the court to discharge him, which motion is overruled by the court ; and thereupon came defendant, and moved the court to order the garnishee to pay over the money to defendant, which motion was likewise overruled. And

[White v. Hobart.]

now, issue being joined, it is considered by the court, upon the allegations and proof, that the plaintiff has established sufficient evidence on behalf of her contest, and that the defendant is therefore not entitled to the exemptions claimed. It is further ordered by the court, that a writ of *procedendo* issue from this court to Justice J. M. Buford, of the court from which this suit came, commanding him to proceed with the final hearing and adjudging said cause ; and it is further ordered that the defendant pay the costs in this cause, for which let execution issue. "

The judgment of the City Court is here assigned as error, with several rulings on evidence.

KYLE & SKEGGS, for appellant.

STONE, C. J.—M. S. Hobart instituted suit before a justice of the peace against W. L. White, for a sum less than one hundred dollars, and on April 6, 1889, L. M. Falk was summoned as a garnishee to answer as to his indebtedness to W. L. White. On May 20, 1889, he answered, denying any indebtedness to White, "but will be indebted in future in the sum of about one hundred and eleven 50-100 dollars, when he [White] completes my [Falk's] house according to contract." There was no further answer by the garnishee, and no contest of his answer. The record is silent whether Falk's house was ever completed according to contract, and it is not shown what it lacks of completion.

After garnishment served, but before answer filed, White interposed a claim to Falk's indebtedness to him, as exempt to him under the laws of Alabama. This claim was sworn to and filed April 25, 1889, and set forth, among other essentials to such claim, that White "is a resident citizen of Morgan county, Alabama." The claim includes other items, not included in this controversy, the aggregate being less than one thousand dollars.

This claim of exemption was controverted by Mrs. Hobart, through her agent, on April 29, 1889, he denying that the said White was a resident citizen of Alabama. An issue was thereupon made up before the justice of the peace, to determine whether or not White was a resident of Alabama, and the issue was submitted to a jury, who, by their verdict, found that White was not a resident citizen of Alabama, and therefore found the issue in favor of the plaintiff, Mrs. Hobart. The justice thereupon adjudged that said property "be held subject to the payment of the judgment in favor of plaintiff against defendant, for which let execution issue. And the

garnishee in this case, L. M. Falk, having answered, and admitting that he will be owing the defendant $111 when he shall have completed the job of work on hand · for him, judgment is hereby rendered against said garnishee, for $54.48 principal, and for $7 costs, but execution is stayed until said job is finished. " From this judgment, White, the defendant, appealed to the City Court.

When the case reached the City Court, and at the first term thereof, the defendant White filed a motion as follows : " Now comes the defendant, and moves the court to order the garnishee in this cause, L. M. Falk, to pay over the money in this cause, detained under the writ of garnishment, to the defendant." At the same time, the garnishee moved for his discharge on several grounds, among them, that the " contract [work] not having been completed at that time, no judgment could have been rendered against him in the lower [justice's] court." Thereupon the issue, whether or not White was a resident of Alabama, was tried before the City Court, a jury being waived. After hearing the testimony, the following judgment was rendered by the City Court : " The court is of opinion that defendant had not, at the time of the service of said garnishment, acquired a residence entitling him to the benefits of the exemption laws of Alabama. The issue is therefore found in favor of the plaintiff, Mary S. Hobart." From that judgment, the present appeal is prosecuted.

We feel constrained to dismiss this appeal, *ex mero motu*, for the following reasons : The answer of the garnishee, Falk, does not disclose any debt to White, and it does not appear that there ever will be any debt to him, by virtue of the contract brought to view in the answer. Taking that answer for our guide and only source of information, the inquiry whether he ever would become indebted, depended on the further inquiry, would White ever finish the house according to his contract. If he did not, then the logical interpretation of the answer is, that Falk would not become indebted to him ; for aside from that contract, he answered that he owed him nothing.—1 Brick. Dig. 179, §§ 55, 370, 371. The answer of a garnishee must be taken as true, unless it is contested ; and no contest or other issue is formed or tendered, questioning the truth of Falk's answer.—1 Brick. Dig. 181, §§ 388, 389. It rested with White whether he would ever finish the house, and no court had power to compel him to do so. We can not know, or indulge the presumption, that it ever will be completed. Till the house was completed Falk owed no debt to White ; and until he was shown to owe such debt, there was nothing to condemn to Mrs. Hobart's claim, or to adjudge to

[White v. Hobart.]

White as exempt. Subject-matter is as essential to the main-tenance of a suit, as that there shall be parties litigant; and until it is ascertained that there is a subject-matter, there can be no legal issue tried.

It is not our intention to assert that White's claim of exemption was interposed prematurely, or that the denial of its legal validity was premature. The claim of exemption, to avail anything, must precede condemnation in garnishment. *Randolph v. Little*, 62 Ala. 396; 1 Brick. Dig. 180, § 378. What we do decide is, that until, by further answer, or as the result of the contest of garnishee's answer, it was ascertained that he owed White, there was not shown to be *in esse* any subject-matter for an issue—for a trial.

We have decisions which hold that, when a garnishee admits an indebtedness to fall due at a future time, the court may render judgment with stay of execution until the time when, by the terms of the contract, the debt will fall due. To justify such judgment, however, there must be no unascertained fact, no contingency upon the happening of which the question of indebtedness depends. Judgments are the logical sequence of ascertained, existent facts, and can not be rendered to take effect on a contingency which may never happen. The so-called judgment rendered by the justice of the peace against the garnishee was a nullity, and for the same reason the simi-lar judgment of the City Court is a nullity, and will not sup-port the appeal to this court. The trial of White's claim of residence was premature, for there was no ascertained fact of a debt from Falk which, in the then state of the litigation, could impart to that inquiry legal significance. For the same reason, the trial in the City Court had no real subject-matter, which could authorize the contention. The whole proceeding, as to the condemnation *vel non* of what the garnishee might owe, which took place subsequent to the filing of his answer to the interposition of exemption-claim, and to the denial of its validity, was premature, and is a nullity.

Failing to contest garnishee's answer, the only course left to Mrs. Hobart was to call on the garnishee for further answer, if she supposed the condition on which his indebtedness depended had been performed. If, by further answer, or other author-ized proceeding, it be shown that Falk is indebted to White, then the inquiry of the rightfulness of the latter's claim of exemption will have a subject for forensic contention, and not till then.

Appeal dismissed.