# Butler & Stevens *v.* Savannah Guano Company.

### *Statutory Trial of the Right of Property.*

1. *Pleading and practice; appeals; conflict between judgment entry and bill of exceptions.*—Where a conflict arises in the bill of exceptions and the judgment entry as to a matter which should be set forth in the judgment, .the recitals in the judgment entry will prevail.

2. *Garnishment; bond not necessary to institute claim to funds in hands of garnishee.*—Where the answer of the garnishee admits an indebtedness to the defendant, and suggests a third party as claimant, in order to institute a claim suit for the sum admitted by the garnishee, it is not necessary that the claimant should execute a claim bond; the statute (Code of 1896, § 2200) only requiring the propounding of the claim in writing and its verification by the oath of the claimant.

3. *Same; statutory claim suit; when right of claimant superior to that of plaintiff.*—Where on a trial of a claim suit, which was instituted by a third party interposing a claim to an amount admitted by the garnishee to be due the defendant in attachment, it is shown that the admitted indebtedness was the purchase price of goods sold to the garnishee by the claimant, and that said goods were received by the garnishee from claimant on consignment and were to be sold on commission as claimant's agent, the right of the claimant to the admited indebtedness is superior to the right of the plaintiff to have it subjected to the payment of defendant's debt to him.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. W. FOSTER.

At the Spring Term, 1897, of the circuit court of Henry county, Butler & Stevens, the appellants, brought an action against Nicholson, Blount & Company, seeking to recover upon certain promissory notes. The plaintiffs sued out a writ of garnishment, which was served upon one J. R. Faircloth. The garnishee, Faircloth, answered the writ orally in open court, admitting that he was indebted to the defendants, but suggested that

[Butler & Stevens v. Savannah Guano Co.]

the Savannah Guano Company claimed the amount due from him to the defendants. Thereupon the Savannah Guano Company propounded its claim in writing and verified the same by affidavit. Issue was made up between the plaintiff and the claimant, and the cause was tried upon an agreed statement of facts, which showed the following facts in addition to those above set out:

On November 30, 1896, the defendant, Nicholson, Blount & Company and the claimant, the Savannah Guano Company, entered into a contract by which it was agreed that the Guano Company would consign a certain number of tons of fertilizer to Nicholson, Blount & Company, in trust for sale on commissions, and that in making the sale of the fertilizer, the said Nicholson, Blount & Company were acting as agents for the Savannah Guano Company. It was stipulated in said contract that Nicholson, Blount & Company were to pay over to the Guano Company all monies collected by them from the fertilizer when sold for cash, and were to deliver all notes of purchasers to the Guano Company. During the existence of this contract, Nicholson, Blount & Company sold and delivered to the garnishee, Faircloth, a number of tons of guano, which were a part of the guano consigned to Nicholson, Blount & Company by the Savannah Guano Company, and the money admitted to be due by Faircloth was the purchase price of the fertilizer sold him by the defendants out of the lot of fertilizer shipped the latter by the claimant under said contract.

As is stated in the opinion, the bill of exceptions states, that the court gave the general affirmative charge requested by the claimant, and refused a similar charge requested by the plaintiffs; but the judgment entry recites that the cause was tried by the court without the intervention of a jury upon an agreed statement of facts. There was judgment for the claimant. The plaintiffs appeal, and assign as error the rendition of judgment in favor of the claimant.

B. I. MOODY and M. E. MILLIGAN, for appellants.

H. A. PEARCE, *contra*, cited Code of 1896, § 2985; *House v. West*, 108 Ala. 355; *McKinnon v. Guano Co.*, 94 Ala. 521.

DOWDELL, J.—As appears from the record, both by recitals in the bill of exceptions and in the judgment entry rendered by the court, the cause was submitted and tried in the court below upon an agreed statement of facts. And the judgment entry further shows that the. court decided the cause without the intervention of a jury, rendering judgment in favor of the claimant. The bill of exceptions also states that the court gave the general affirmative charge requested in writing by the claimant, and refused a like charge requested by the plaintiffs.

The fact that a cause was submitted to and tried by a jury, or tried by the court without a jury, constitutes a proper recital to be contained in a judgment entry. Where a conflict arises between recitals in the bill of exceptions and the judgment entry, as to a matter which should be contained and set out in the judgment, as a general rule, the recitals in the latter will prevail. *Danforth & Armstrong v. Tenn. & Coosa R. R. Co.*, 93 Ala. 614; *Couric & Co. v. Goodwin*, 89 Ala. 569.

But, while there is an evident inconsistency between the bill of exceptions and the judgment entry as to whether the cause was tried with or without the intervention of a jury, we think it wholly immaterial in this case, for upon the agreed statement of facts set out in the record, and upon which the cause was tried, if tried by a jury, the general charge requested by the claimant should have been given, and if tried by the court without a jury, judgment should have been rendered for the claimant; so in either event the result would have been the same.

The garnishee, Faircloth, answered indebtedness to Nicholson, Blount & Co., defendants in attachment, in the sum of $854.47, and suggested the Savannah Guano Co. as claimant. The Savannah Guano Company appeared and propounded its claim in writing and made oath thereto as required by section 2985, Code, 1886, (Code of 1896, § 2200). This was all that was necessary

[Butler & Stevens v. Savannah Guano Co.]

to give the court jurisdiction of the claim suit. Under the above statute, no bond is required by the claimant and manifestly for the reason that he does not acquire possession of the subject matter of the claim suit, that is, the indebtedness admitted by the garnishee. The debt, demand, money, or effects in the hands of the garnishee, which is admitted in his answer, remains in his possession, pending the trial of the claim suit, to await the judgment of the court.

In *Mobile Life Insurance Co. v. Teague,* 78 Ala. 147, there was a levy by the officer upon specific property, and the claim was interposed and trial had under section 3012 of Code of 1886, (Code of 1896, § 4141); so in the cases of *Graham v. Hughes,* 77 Ala. 590, and *Walker v. Irey,* 74 Ala. 475, cited in that case.

When a claim is interposed either under section 3004 or 3012 of Code of 1886, (Code of 1896, § 4141), in addition to the affidavit required of the claimant, the statute requires the giving of a bond by such claimant, and each of these requirements is jurisdictional and cannot be dispensed with. But as we have seen section 2985 does not require the giving of a bond, and the propounding of the claim in writing and making oath thereto is alone the jurisdictional requirement.

In *House v. West,* 108 Ala. 355, the failure of the claimant to give a bond was not a question in the case. The proposition upon which that case was decided, was the failure of the claimant to propound her claim in writing verified by affidavit. The expression in the opinion in that case, as to the bond required being jurisdictional is correct, in claim suits arising under sections 3004 and 3012, but not as to claim suits arising under section 2985; and to that extent, the law there laid down in general terms is here qualified.

Under the agreed statement of facts upon which this case was tried, it is shown that the indebtedness admitted by the garnishee, Faircloth, was the purchase price of guano sold to him by the defendants in attachment, and the same being a portion of the guano received by the defendants from the claimant on consignment, and as the agents of the claimant. We think there

[Grayson, Admr. v. Robertson, Admx.]

can be no doubt as to the right of the claimant to the debt or demand on the garnishee as against the plaintiffs in attachment, under these facts.

There is no error in the record, and the judgment of the circuit court is affirmed.