# Diamond Rubber Co. *v.* Fourth National Bank.

## *Garnishment.*

(Decided April 21, 1911. 55. South. 100.)

1. *Garnishment; Claim by Third Person; Petition.*—The buyer of an automobile being garnished by a creditor of the seller for the balance of the price, admitted the debt, and a bank intervened, and in its claim set up that it had advanced the money to obtain the car from the carrier, it having been shipped with draft attached to bill of lading, and that it owned and claimed the car under a note and contract given by the seller, and that it stored the car with the seller as bailee, and that it claimed that the car or the amount for which it was sold to the buyer was the bank's property. Held, that section 4329 requires a claim to be propounded in writing, on which issue may be taken, and that the claim propounded by the Bank was bad for a failure to claim either the debt or the car; for if it claimed the car it disaffirmed the sale as there could be no debt except on a ratification of the sale.

2. *Same; Additional Sales; Failure to Record Contract; Effect.*— The failure to record a conditional sales contract as required by section 3394, Code 1907, is available only to mortgagees, purchasers for a valuable consideration and judgment creditor without notice; one having notice through its agent of the claim of a third person under a conditional sales contract unrecorded, before the rendition of its judgment, acquires no rights.

3. *Chattel Mortgages; Priorities; Failure to Record; Evidence.*— The failure to record a chattel mortgage as required by section 3386, Code 1907, operates only in favor of purchasers without notice from the mortgagor subsequent to the execution of the mortgage, or to subsequent creditors without notice; hence, a creditor of the mortgagor has the burden of showing that the debt was contracted after the execution of the unrecorded mortgage, and mere proof that the mortgage was made June 1, and that the claim of the creditor was on account due June 1, did not show that the debt was contracted subsequent to the mortgage.

APPEAL from Montgomery Circuit Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by the Diamond Rubber Company against W. M. Cannon and others, doing business as the Capital City Auto Company, as defendants, and against the Southern Hardware & Supply Company as garnishee, in which the Fourth National Bank appeared as claimant. From a judgment for claimant, plaintiff appeals. Reversed and remanded.

The Southern Hardware & Supply Company answered, admitting an indebtedness of $1,300, which was due as a balance on an automobile purchased by it from the defendant, on which it had paid $100 cash, leaving a balance due of $1,300, and also set up the fact that the Fourth National Bank of Montgomery claimed the funds in its hands. The Fourth National Bank interposed its claims as follows: "Now comes the Fourth National Bank of Montgomery, in response to the suggestion of the Southern Hardware & Supply Company, garnishee, suggesting in the supplement to its answer said Fourth National Bank of Montgomery as claimant to the funds referred to in its answers, and says that the automobile alleged to have been purchased from the Capital City Auto Company, which was in fact W. N. Cannon, doing business under that name, was the property of the said Fourth National Bank of Montgomery; that it owned and claimed said automobile under and by virtue of a note and contract executed by W. N. Cannon, copies of which note and contract, respectively, are hereto attached and made exhibits. Said Fourth National Bank claims and avers that said automobile was shipped to W. N. Cannon, or to Capital City Auto Company, which was the name under which said Cannon was engaged in business in Montgomery; that said automobile was shipped with draft attached to bill of lading,

and it could not be obtained by said Cannon without first paying the purchase price for same; and that said Cannon procured said Fourth National Bank of Montgomery to advance the money to pay for said automobile, with the understanding and upon the conditions set forth in the note and agreement, copies of which are attached as exhibits as above set forth; and pursuant to said agreement said Fourth National Bank of Montgomery stored said automobile with said Cannon as bailee. Wherefore said Fourth National Bank of Montgomery claims and avers that said automobile, or the amount for which it was sold to said Southern Hardware & Supply Company, is the property of this plaintiff, and not the property of said Cannon."

BALL & SAMFORD, for appellant. The claim of the bank was not so stated as is required by sections 4328-9, Code 1907, and hence, it was subject to the demurrers interposed.—6 A. & E. Enc. of Pr. 268; *H. A. & B. R. R. Co. v. Dusenberry,* 94 Ala. 418. The court erred in finding that appellant had notice of the claim of the bank before the garnishment.—*Bond v. Griffin,* 1 Ala. 678; *Cartright v. Bamburger,* 90 Ala. 405; *Bamburger v. Voorhees,* 99 Ala. 292.

R. L. HARMON, for appellee. Counsel seek to justify the claim of the bank in its alternative averment under section 5329, Code 1907, and cite.—*Warren v. Liddell,* 110 Ala. 2320. The bank was clearly entitled to a judgment under the evidence in this case.—*Butler v. Savannah Co.* 122 Ala. 326; *Ober v. Phillips,* 145 Ala. 625; *L. & N. v. Sharpe,* 131 Ala. 623; *Corry v. Jones,* 114 Ala. 502. The Southern H. & S. Co., was in no sense a bona fide purchaser.—*Medlin v. Wilkerson,* 81 Ala. 147. The rights of the plaintiff were subordinate to the title or lien of the bank.—*Berry v. Sowell,* 72 Ala. 14.

ANDERSON, J.—The Southern Supply Company was garnished, and admitted an indebtedness for the purchase money of a certain automobile from the defendant Cannon, and suggested that said fund was claimed by the appellee, the Fourth National Bank. The fund, and not the automobile, was involved in the controversy, and the issue to be tried, under section 4329 of the Code of 1907, was, not who was entitled to the machine, but who was entitled to the fund? While the statute requires no particular form or nicety of pleading, yet section 4329 requires the claimant to propound his claim in writing and make oath thereto, upon which the plaintiff must take issue. The claim should be to the fund or thing set up in the answer of the garnishee, and not to something not involved; and as the answer set up an indebtedness, the claim should have been to the fund, and not to it or an automobile. The trial court erred in sustaining the sufficiency of the claim propounded by the claimant. If it claimed the debt, it should have so stated; and it made no difference whether it owned the automobile, or not as the right to same was not involved, except as an incident to the ownership of the fund. If at the time the claim was propounded the bank claimed the automobile, this would be a disaffirmance of the sale of same by Cannon, and it would have no right to the proceeds of the sale. On the other hand, if it claimed the proceeds, it could only do so upon the theory of a ratification of the sale, which it could doubtless do by making an election; but it could not repudiate the sale by claiming the machine, and at the same time and in the same claim also claim the proceeds of the sale. The election should be specified and certain, and not in the alternative, and the claim propounded was inconsistent.

Assuming that the claimant will amend his claim, upon the next trial, so as to conform to the statute, we will discuss the legal question involved. The Southern Supply Company does not claim to be a bona fide or innocent purchaser, and is a mere stakeholder; the controversy being between rival claimants to the debt owing from it to Cannon. The Fourth National Bank claims as a lienor or mortgagee, or as a conditional vendee of the automobile, and that it had the right as such to ratify the sale and elect to look to the proceeds of said sale rather than go upon the property, and this it would doubtless have the right to do, by making the proper election, and which could be done by propounding a proper claim to the fund. The Diamond Rubber Company claims the fund as a creditor without notice of the bank's claim or title because the instruments under which it, the said bank, claims were not recorded. As to whether or not the bank is a mortgagee or conditional vendee, under the instruments introduced in evidence, involves a question of some difficulty, but which is not necessary to decide, as we think its claim superior to that of the rubber company, whether it is a mortgagee or conditional vendee. If a conditional vendee, the failure to record under section 3394 of the Code of 1907 was not available to the plaintiff, as said section is intended to protect only mortgagees, purchasers for a valuable consideration, and judgment creditors without notice. The rubber company had notice of the claimant's claim before the rendition of its judgment and before the issuance of its garnishment. The notice was given to West, who was the agent of the supply company, and which said company was the agent of the plaintiff; and West was acting for and in behalf of the plaintiff in endeavoring to collect its claim when he received the notice of the bank's

claim, and notice to him was therefore, notice to the plaintiff.

If, on the other hand, the bank held as a mortgagee, the failure to record the mortgage, as required by section 3386 of the Code of 1907, would operate only in favor of creditors and purchasers without notice; that is, purchasers from the mortgagor subsequent to the execution of the mortgage, or creditors who became such after the execution of said mortgage. This statute was intended to protect creditors who deal with the mortgagor upon the strength of his ownership of the property, and who did not know of an existing unrecorded mortgage on same, and does not apply to creditors existing when the mortgage was made. This court, as far back as the case of *Carew v. Lee*, 30 Ala. 577, held that creditors and purchasers stand upon the same footing, and that the statute there considered meant subsequent and not existing creditors, and this case was followed in the cases of *Durden v. McWilliams*, 31 Ala. 206, and *Mathis v. Thurman*, 143. 560, 39 South. 360. It is true, those cases dealt with the statute of frauds against loans; but by analogy the word "creditor" as there used and construed would apply to creditors and purchasers as used in section 3386, as the purpose of said section is to protect those dealing with a mortgagor who did not know of an existing mortgage. The burden was on the plaintiff to bring itself within the protection of the statute by showing that the debt was contracted after the mortgage was made.—*Mathis v. Thurman, supra.* The mortgage was made on June 1st, and the plaintiff sued on an account due June 1st, and there is nothing to indicate that the debt was contracted subsequent to the date of the claimant's mortgage. The case of *Butler v. Savannah Co.*, 122 Ala. 326, 25 South. 241, is unlike the present case. There the defendant sold the guano as the sales agent of

[Diamond Rubber Co. v. Fourth National Bank.]

the claimant, the original vendor. The bank here was not the defendant's vendor. It merely paid for him the purchase price to the vendor, and undertook to secure the payment of same by the instruments introduced in evidence, and the defendant Cannon was more than a mere sales agent. He was the conditional owner or morgagor of the property.

Nor can we say that the error of the court in not sustaining the objections to claimant's claim was error without injury, upon the theory that the evidence shows that the claimant has a superior claim to the fund. In the first place, the claim should have been propounded to the fund in order to present an issue, under the statute, and which the claimant did not do, as it claimed the fund or the automobile, one or the other, and the said auto was not directly involved. Moreover, the only theory upon which the claimant would be entitled to the fund would be by a ratification of the sale by an election to accept the proceeds, and the only election attempted was the propounding of the claim, and which was not unequivocal and unconditional, when it claimed the automobile also in the alternative.

For the errors above mentioned, the judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

Simpson, Mayfield, and Somerville, JJ., concur.