(138 So. 263)

## SINGER v. ALEXANDER CITY BANK.

### 5 Div. 83.

Supreme Court of Alabama.

Nov. 5, 1931.

Rehearing Denied Dec. 17, 1931.

Jas. W. Strother, of Dadeville, for appellant.

Richard H. Cocke and J. Sanford Mullins, both of Alexander City, for appellee.

THOMAS, J.

The trial was by the court without a jury, and the judgment was for claimant for property sued for and specifically indicated, and for which the latter had given bond and was in its possession. The plaintiff duly excepted to the judgment and appealed.

There was no error in overruling objection to the defendant as a witness and as now to be indicated as set out in the bill of exceptions:

"On November 21, 1929, did you execute some sort of conveyance to the property that is attached? Plaintiff objected to this ques-

tion on the grounds that the Claimant was seeking to go into the contents of the paper writing by parol testimony, stating that the word conveyance implied the character of the paper and that he was going into the contents. Mr. Cocke said: 'I am going to show the contents in just a minute.' The Court said: 'I will let him lead him.' To this action and ruling of the Court the plaintiff then and there duly and legally reserved an exception.

"And stating further that the objection was not on the ground that it was leading. The Court then said: 'I meant to say, "I will let him ask it" '? To this action and ruling of the Court the plaintiff then and there duly reserved an exception.

"Complainant then had the question, above set out, read to the witness and added thereto the words: 'To the property which was attached.' Plaintiff's counsel objected to this question. The Court overruled the objection. To this action and ruling of the Court the defendant then and there duly and legally reserved an exception.

"The witness answered: 'I had.' Claimant's counsel then asked the witness: 'To whom had you conveyed it?' Plaintiff's counsel objected to this question. The Court overruled this objection. To this action and ruling of the Court the plaintiff then and there duly and legally reserved an exception.

"Complainant's counsel here exhibited a paper to the witness and asked: 'Is that your signature on that paper'? The witness answered: 'It is.' "

This called for the fact of execution, and the instrument spoke for its nature or character. Sovereign Camp, W. O. W. v. Hoomes, 219 Ala. 560, 564, 122 So. 686.

The statute requires that the affidavit and claim should state the nature of the claim when interposed and based on a mortgage or lien; a further specification thereof being unnecessary. Section 10379, Code; McDonald v. Stephens, 204 Ala. 359, 85 So. 746; Gulf Coast Lumber Co. v. Miles, 206 Ala. 429, 90 So. 281. The amendment to claimant's affidavit was: "And the said Alexander City Bank claims to own said property in fee simple, under and by virtue of a bill of sale duly executed by O. A. Mann to Alexander City Bank, on October 29, 1929, conveying to it the property hereinabove described."

The trial court held, as to the nature and legal effect of the writing in evidence by Mann to the claimant, that:

"Said property being claimed by Alexander City Bank, the issue arises as to whether Singer by his attachment secured a lien on said property superior to the claim of the bank.

"Singer did not part with anything of value when he sued out his attachment and he had no lien on the property and his attachment was for the purpose of collecting a past due indebtedness which originated and was probably due prior to the execution of the above paper to the bank. Therefore, it seems to us that he did not by his attachment obtain any right superior to that of the bank. It is immaterial as to whether the instrument is a bill of sale which it purports to be or a mortgage which a court of equity might hold it to be. In a court of law it must be construed as a bill of sale because it does not contain any of the elements of a mortgage. If the court of equity should hold upon the instrument and other proof that although the instrument is in form of a bill of sale, it was intended as a mortgage, then it would be construed and treated as a mortgage. * * * But if it were a mortgage, what difference would it make? Singer was not damaged by the failure of the bank to record the instrument, even if it had been a paper requiring or permitting record. If it were a mortgage and if Singer had without notice and subsequent thereto parted with money or property and taken a mortgage on the mortgaged property described in the instrument, the situation would be different. The law in reference to notice does not seem to have any application in this case, and, therefore, whether the instrument be a bill of sale or a mortgage, the rights of the bank are superior to those of Singer."

It may be said that the evidence exhibited as taken upon the trial shows the instrument was intended as a bill of sale; that Mann owed the bank, could not meet his obligation when it accrued, turned over to the latter the property in question, on or after execution of the instrument in evidence, a sale between Mann and the bank, and the extinguishment of the debt; hence was not required to be recorded under the statutes.

■ If the instrument be a mortgage or other conveyance to secure a debt or provide indemnity, would its record be required under the act? In Hill v. Rentz, 201 Ala. 527, 78 So. 881, interpreting section 6890 of the Code as to conveyances of personal property securing debts, held "inoperative against creditors * * * without notice until recorded," and had reference to "subsequent creditors without notice" and not to existing creditors. See, also, Diamond Rubber Co. v. Fourth Nat. Bank, 171 Ala. 425, 55 So. 100; Citizens' Bank of Guntersville v. Pearson, 217 Ala. 391, 395, 116 So. 350; Carew v. Love's Adm'r, 30 Ala. 577.

■ The evidence shows that plaintiff was an existing creditor of Mann at the time the latter executed the instrument in evidence to the claimant bank. The suit is a claim based on a note by Mann in 1928 and due February, 1929; the instrument of transfer by Mann to claimant is of date of October 29, 1929. It follows that plaintiff was an existing creditor at the time of the sale or transfer of said property to claimant, and was not within the protection of the recording statute; that is, failure to record Mann's conveyance did not affect prejudicially the plaintiff's (Singer's) claim, as his debt was not incurred after October 29, 1929, but theretofore. The plaintiff was not a judgment creditor within the protection of section 6898. As against the claimant bank, plaintiff Singer, by virtue of his attachment, did not become a bona fide purchaser for value, and the trial court was correct in holding that the superior right and title of the claimant bank remained unaffected by the attachment suit of the former for the collection of a pre-existing debt.

■ Moreover, the instrument under which the bank claims, as shown by the intention of the parties at the time of execution, was a bill of sale and not required of record.

Affirmed.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.