**SLOSS et al. v. GLAZE.**

**6 Div. 471.**

Supreme Court of Alabama.

Oct. 17, 1935.

Rehearing Denied Nov. 29, 1935.

Cabaniss & Johnston and Jos. F. Johnston, all of Birmingham, for appellee.

Lange, Simpson & Brantley, of Birmingham, for appellants.

236

GARDNER, Justice.

■ At the time of the service of the garnishment writ there was existent an executory contract wherein, so far as here pertinent, the garnishee had agreed to assume one mortgage and execute another on the property to be purchased. Garnishment proceedings are purely of statutory creation, and unless plaintiffs' case comes within some clause of the statute (section 8051, Code 1923), relief must be denied. Jones' Adm'r v. Crews, 64 Ala. 368. Further illustrations are Cunningham v. Baker, 104 Ala. 160, 16 So. 68, 53 Am. St. Rep. 27; Mims v. Parker, 1 Ala. 421; Nesbitt v. Ware, 30 Ala. 68; Richardson v. Kaufman, 143 Ala. 243, 39 So. 368; Porter & Blair Hardware Co. v. Perdue, 105 Ala. 293, 16 So. 713, 53 Am. St. Rep. 124; Murdock Brokerage Co. v. Collins, 146 Ala. 604, 40 So. 96; see, also, 28 Corpus Juris 25. And only such debts as would maintain debt or indebitatus, assumpsit, if sued on by defendant, could be subject to condemnation. Jones' Adm'r v. Crews, supra; Pettus v. Dudley Bar Co., 218 Ala. 163, 118 So. 153.

■ It appears also to be the general rule that the debt must be due absolutely and without contingency. 28 Corpus Juris 134, and cases cited in note to Moreau River State Bank v. Japinga, 2 A. L. R. 504. Our own case of White v. Hobart, 90 Ala. 368, 7 So. 807, illustrates this rule.

Following this line of reasoning, the garnishee insists that no debt subject to garnishment is made to appear, as the contract discloses no promise to pay money, but only to assume a mortgage and execute another, all of which was contingent upon delivery by defendant of a deed to the purchaser and abstract showing merchantable title.

Plaintiffs lay some stress upon Henry v. McNamara, 124 Ala. 412, 26 So. 907, 82 Am. St. Rep. 183. But the discussion there was in reference only to an immature claim of indebtedness, and interpreted in the light of the facts there presented, the case would seem to bear no analogy here. All considered, there appears, therefore, to be much force in the argument of the garnishee that no debt subject to garnishment condemnation is presented by the contract.

■ But we find no necessity for a definite decision upon this question, and pass it by without determination. This for the reason that in our opinion the ruling of the trial court is to be sustained upon a broader ground, and one which affects the real merits of the case upon the undisputed facts. Although garnishment is purely a statutory proceeding, yet it is always administered upon equitable principles. Marx v. Parker, 9 Wash. 473, 37 P. 675, 43 Am. St. Rep. 849; 28 Corpus Juris 20 and 40.

In Marx v. Parker, supra, it was observed: "It is a general rule in garnishment that the plaintiff can obtain no greater beneficial relief against the garnishee than the judgment debtor would be entitled to, and that if the debtor's recovery would be limited to a mere legal title, without beneficial interest or right of enjoyment in himself, the proceeding must fail. A judgment creditor cannot have his debt satisfied out of property held in trust for another, no matter how completely his debtor may have exercised apparent ownership over it, unless it was upon the faith of such ownership that the credit was given. * * * Therefore, if the deposit in the bank was, in equity, the property of the city, although it stood in Parker's name, respondents had no right to a judgment against the garnishee." This case was quoted and the principle therein announced followed by the Court of Appeals in Allen v. Woodruff, 2 Ala. App. 415, 56 So. 247, 249, which latter case was approvingly cited by this court in Pettus v. Dudley Bar Co., 218 Ala. 163, 118 So. 153, 154, wherein the underlying principle was recognized and given application. In Allen v. Woodruff, the court said: "Garnishment proceedings were provided by statute to enable a creditor to reach property and funds of his unwilling debtor which cannot be reached by execution, but which, in equity and justice, should be applied to the payment of the debtor's debts. They were not intended to enable the creditor to subject properties or funds which in truth do not belong to the debtor, and which should not, as a matter of

equity, be applied to the payment of his debts."

And to like effect is the language in Pettus v. Dudley Bar Co., supra: "Garnishment proceedings were not intended to entitle a creditor to hold such properties or funds which in truth do not belong to the debtor and which should not as a matter of equity be applied as a payment of his debts."

Applying this principle to the instant case, the correctness of the ruling in the court below is apparent.

The First National Bank, under the undisputed proof, released to Aland, the debtor, real property embraced in its mortgage, with the express understanding it should receive the property or its proceeds acquired by Aland in the exchange.

It may be well here to observe (and we find no insistence to the contrary in brief) that though such understanding was verbal, yet the parties thereto interposed no plea of the statute of frauds, and each recognizes the validity thereof. Under such circumstances, therefore, the agreement will be considered as valid and enforceable. Bailey v. Irwin, 72 Ala. 505; Ex parte Banks, 185 Ala. 275, 64 So. 74.

Any part of the purchase price therefore due to be paid Aland was in equity and good conscience to be treated as the property of the bank. Aland so desired it, and in order to effectuate his prior agreement with the bank, Aland and Dr. Glaze, after the service of the garnishment writ, canceled the contract and the real estate agency that had received the earnest money refunded the same to Dr. Glaze. This the parties had a right to do. There was no fraud or bad faith involved, and the evident purpose was to have consummated the original and prior agreement existing between Aland and the bank.

Plaintiffs' argument, as we read the brief, concedes that as the contract was executory only, the parties had a right to thus cancel it, but insist that as Dr. Glaze subsequently acquired the same property from the bank that this tends to fasten liability upon him. But such acquirement was under a different contract entirely with a different party. True Aland's contract with Dr. Glaze was canceled, and the property deeded to the bank

after the issuance and service of the garnishment writ. But all this was done in recognition of the pre-existing right of the bank, and in accordance with the agreement between Aland and the bank that had been entered into prior to any garnishment proceedings, and to carry out such agreement made before plaintiffs took any steps to collect their account against Aland. The fact that plaintiffs were not informed as to such pre-existing rights is immaterial. Garnishment "proceedings cannot displace prior valid and bona fide existing rights and claims against the debt or property involved. Plaintiff in garnishment does not stand in the position of a purchaser in good faith and for value, but is in no better position than a purchaser or an assignee with notice." 28 Corpus Juris 256; Butler v. Savannah Guano Co., 122 Ala. 326, 25 So. 241; Jones v. Lowery Banking Co., 104 Ala. 252, 16 So. 11.

Here, as in Marx v. Parker, and Allen v. Woodruff, supra, the debtor's interest is limited to a mere legal title, without beneficial interest or right of enjoyment in himself. The beneficial interest was in the bank under the previous agreement of the parties, and to sanction the condemnation of the debt to the satisfaction of plaintiffs' demand, would but result in taking from the bank that which in equity and good conscience belongs to it, and paying plaintiffs' debt therewith. This would run counter to all equitable principles under which such proceedings are administered. Our case of Pettus v. Dudley Bar Co., supra, is illustrative of the application of this equitable principle. There payment was made by the garnishee to the debtor after service of the garnishment writ, and in legal effect it was a payment of a debt due by the garnishee to the debtor, his subcontractor. But in view of the fact that it was shown this money went in satisfaction of claims or demands, payment of which had been guaranteed to the state by the garnishee in his original contract, though paid direct to the defendant debtor after service of the writ, yet the holding was that no liability accrued on the garnishment, the court observing: "Garnishment proceedings were not intended to entitle a creditor to hold such properties or funds which in truth do not belong to the debtor and which should not as a matter of equity be applied as a payment of his,

debts." These expressions are here directly applicable.

Defendant had released from the bank mortgage realty of sufficient value to effect an exchange for the property sold to Dr. Glaze, and under the specific agreement that such exchanged property should take the place of that released. To hold the garnishee to liability in such a case would be applying to the payment of defendant's debts property or funds "which in truth do not belong to the debtor, and which should not as a matter of equity" be so applied.

The case of Dothan Grocery Co. v. H. L. Wofford & Son, 200 Ala. 490, 76 So. 432, stressed in argument by plaintiffs, is readily distinguishable on the facts from that here presented as well as from Pettus v. Dudley Bar Co., supra. There no such equitable principles were applicable, the garnishee after garnishment merely, as a more convenient means of finance for the debtor, accelerated the payment due, and paid the debtor in advance of the completion of the work, and in disregard of the writ. It requires no argument to demonstrate the matter of differentiation from the instant case as well as that of Pettus v. Dudley Bar Co., supra.

Nor do we consider that section 6918, Code 1923, is here available to plaintiffs. These plaintiffs extended no credit and had no dealings with Aland, the debtor, upon any assumption of interest in the property, and were, as we understand the proof, existing as distinguished from subsequent creditors of Aland at the time of this transaction, and could not have been prejudicially affected thereby.

The principle of our decisions, as applied to our recordation statutes (such as section 6890, Code 1923), to the effect they were intended for the protection of subsequent creditors without notice, and not to existing creditors, is equally applicable to the above noted statute. Chadwick v. Carson, 78 Ala. 116; Diamond Rubber Co. v. Fourth National Bank, 171 Ala. 420, 55 So. 100; Singer v. Alexander City Bank, 223 Ala. 677, 138 So. 263; Hill v. Rentz, 201 Ala. 527, 78 So. 881.

As previously observed, plaintiff in garnishment does not stand in the position of a purchaser in good faith and for value. He is in no better position than a purchaser or assignee with notice. Nor were such garnishment proceedings intended to displace prior valid existing rights and claims against the debt involved. 28 Corpus Juris 256.

Viewed, therefore, in the light of the facts here presented, the cases noted by plaintiffs (White v. Simpson, 107 Ala. 386, 18 So. 151; Silvey & Co. v. Cook, 191 Ala. 228, 68 So. 37; Berney National Bank v. Pinckard, 87 Ala. 577, 6 So. 364) are found to be without application to the instant case.

But further discussion is unnecessary. Our conclusion is that considered upon the merits, from the undisputed proof, the ruling of the trial court discharging the garnishee is correct, and that the judgment should accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.