The holder of a money judgment against an insurance debit agent sued out a garnishment against the agent's company claiming that the following funds were subject to garnishment: (1) commissions earned and retained by the agent but not transmitted to the company; (2) proceeds of a cash bond posted by the agent with the company; and (3) certain pension benefits which might be payable to the agent.
The trial court found that the company had no funds in its possession or control which were owing to its agent, and dismissed the garnishment.
The facts are essentially uncontroverted. Escambia Chemical Corporation had obtained a money judgment against J.W. Kirkland, the insurance debit agent of the garnishee, United Insurance Company. Kirkland had earned, but retained, commissions totaling $2,524.19 from the date of the filing of the writ of garnishment on August 13, 1979, and the date of the preparation of answers to interrogatories on or about November 26, 1979. United had paid the employer's part of social security taxes for Kirkland and Kirkland had paid his employee's share of social security taxes, withholding taxes, group insurance and pension plan contributions. United declared the commissions earned by Kirkland as a deduction on its corporate income tax return, thereby taking full advantage of the sums retained by Kirkland as an operating expense deduction.
The evidence shows that Kirkland, as an agent of United, was required to post with the company, and maintain, a $1,000 cash bond, which was refundable: (1) if Kirkland terminated his employment with the company, whereupon the $1,000 would be refunded to him, less any indebtedness he might owe to the company; (2) if Kirkland had ten years of service with the company; and (3) if Kirkland was promoted to a salaried position. The company was obligated to pay six percent interest on the cash bond if it was refunded.
Escambia contended that three funds were subject to its garnishment: Kirkland's *Page 68 
commission, the $1,000 cash bond, plus interest which had accrued thereon, and contributions made to an employee pension plan and held for Kirkland's benefit.
The trial court rendered a judgment in favor of the garnishee, United, which stated, in part:
 The garnishee insurance company does not come into possession or control of any money owing to Mr. Kirkland, the defendant, independent of Mr. Kirkland. There is no liability on the part of the garnishee to the defendant, Kirkland, as would enable the defendant, Kirkland, to maintain an action at law against the garnishee and recover a judgment.
 Contributions to the pension plan would be a contingent liability and not subject to garnishment until such time as the defendant had a claim or is eligible for such benefits.
The appellant raises the following issues on appeal:
(1) Did the trial court err in ruling that the commissions in question were not subject to garnishment;
(2) Did the trial court err in ruling that United's pension plan for Kirkland was a contingent liability and, as such, not subject to garnishment until such time as Kirkland has a claim or is eligible for such benefits;
(3) Did the trial court err by not entering a judgment requiring United to pay Escambia the $1,000 cash bond held on deposit by United for Kirkland;
(4) Did the trial court err by not requiring United to pay Escambia the six percent interest which accrued upon the $1,000 cash bond held on deposit by United for Kirkland; and
(5) Did the trial court err in not keeping United before the court so that any future debt which would accrue by a contract in existence could be subjected to Escambia's demand?
 THE COMMISSION
Appellant argues "that Kirkland's earned commissions are subject to garnishment even though he personally retains them when he collects each premium," contending that Code 1975, §6-6-370 subjects money or effects "in possession or under the control" of a third person to garnishment. Kirkland was United's agent and was operating under a compensation plan designed by United, says appellant; therefore, appellant reasons, the commissions were under the control of United, at least constructively, although Kirkland retained his commissions and only sent the excess over those commissions to United. We disagree.
It has long been the law in this state that only such debts as could be sued on in debt or indebitatus assumpsit can be subject to garnishment. Sloss v. Glaze, 231 Ala. 234,164 So. 51 (1935). From the evidence presented in this case it does not appear that Kirkland's commissions ever came under the control of United so that they could be sued upon in debt or indebitatus assumpsit for their recovery. The trial court did not err in finding that United never came into possession or control of the commissions so that they would be subject to garnishment.
 THE PENSION BENEFITS
Appellant next contends that the trial court should have ordered United to pay into court the pension money when it became due to Kirkland. As was stated in Sloss v. Glaze, supra, the fund sought to be garnished must be due absolutely and without contingency.
In answer to interrogatories propounded by the appellant, United stated that Kirkland does have a pension plan with them, but stated that "the amounts to which he would be entitled would not be known until such time as he had a claim or was eligible for pension benefits." It is undisputed that Kirkland has no present claim to the monies in the pension plan; therefore, this fund is a contingent fund, not an amount to which Kirkland presently has a claim, and is not subject to garnishment at the present time. The trial court correctly so held. *Page 69 
 THE CASH BOND
The status of the cash bond is similar to that of the funds in the pension plan. The cash bond, and accrued interest, may be refunded to Kirkland in the future, but in order for the cash bond to be refunded, with interest, Kirkland must: (1) terminate employment with the company, after which the bond, less any indebtedness owed the company, is refundable; (2) complete ten years of service with the company; or (3) assume a non-agent, i.e. salaried, position with the company. Since Kirkland is still employed by United as an agent and has notyet completed ten years of service, the trial court correctly found that these amounts were not subject to garnishment.
 DISMISSAL OF GARNISHMENT
Appellant finally contends that the garnishment should not have been dismissed, but that the trial court should have kept this case before the court until such time as United should come into possession or control of funds owing to Kirkland, or until one of the contingent liabilities becomes certain. We cannot agree.
A complaint which does not state a claim should be dismissed. A trial court's docket cannot be the resting place for claims which may or may not ripen in the future.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.