ROBERTSON, Judge.
This is an equitable attachment case concerning the interpretation of the Employee Retirement Income Security Act, as amended. Cynthia H. Johnson (wife) and Steven W. Johnson (husband) were divorced on July 3, 1984. The divorce decree ordered, inter alia, that the wife was to have custody of the couple’s minor child and the husband was to pay child support of $40.00 weekly. In July 1987 the wife filed a motion alleging that the husband had never paid child support as ordered and was in arrears over $6000.00. The wife requested that the court enter a judgment against the husband for the arrearage and that the administrator of the husband’s pension plan pay her the full amount of the pension to reduce the amount of arrearage. On October 26, 1987, the court entered an order awarding the wife a judgment of $6920.00 against the husband for the existing arrearage of past due child support, and that the arrearage would be satisfied by the assignment and payment by the administrators of the husband’s pension plan, Alabama Administrators for IBEW *555 Local 505-NECA Pension Plan. Further, the court ordered the pension plan payment to be in one lump sum upon entry of the judgment. On March 4, 1988, the wife filed a motion for attachment against the administrators of the pension plan alleging that they had failed and refused to pay over to her the proceeds of the plan. After an ex parte presentation, the court granted the writ of attachment.
Upon receipt of the garnishment issued on the writ of equitable attachment, the principal of Alabama Administrators, which administers this pension plan, responded to the court as follows: (1) that the pension plan benefits are provided only in three forms — disability, early retirement (age 55), and normal retirement (age 65); (2) that the husband was a terminated vested 34 year old who would not be eligible to receive any pension benefit until at least age 55 or in the case of disability; (3) that the pension contributions are “pooled” and invested in order to provide benefits when required; and (4) that Alabama Administrators is not indebted to the husband, but will be responsible for providing him a benefit upon his becoming eligible.
On Sept. 23, 1988, the court found that the husband had no attachable proceeds in the pension plan and ordered the writ of equitable attachment set aside, held for naught, and dismissed. The wife appeals. We affirm.
The issue presented is whether or not the October 26, 1987, order of court is a qualified domestic relations order pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), as amended, thereby allowing the appellant-wife to attach appel-lee-husband’s interest in the IBEW Local 505-NECA Pension Plan pursuant to 29 U.S.C. Section 1056(d)(3)(E)(i)(II).
A qualified domestic relations order is defined at 29 U.S.C.A. § 1056(d)(3)(B)(i) and provides that the alternate payee can be assigned the right to receive all or a portion of the benefits payable to a participant under a plan “only if such order does not require a plan to provide any type or form of benefit, or any option, not otherwise provided under the plan.” 29 U.S.C.A. § 1056(d)(3)(D)(i).
Testimony in the record shows that the pension plan had no provisions for lump sum payment, nor for immediate payment to any participant who did not meet one of the three well defined conditions. It is clear that the plan is held on behalf of the husband, but it is not accessible to him until he meets one of the agreed conditions. The husband is not entitled to receive any benefits at this time and to require the administrator to pay out that which is not due is to impose on the administrator a different obligation than that for which the pension plan was established.
The Supreme Court of Alabama held in Escambia Chemical Corp. v. United Insurance Co., 396 So.2d 66 (Ala.1981), that funds sought to be garnished must be due absolutely and without contingency. Clearly here, the husband’s receipt of benefits from the plan is contingent on his meeting certain requirements which at this time he does not meet. No benefits are payable to the husband at this time. Further, once the court determined that no funds existed in the pension plan that were subject to garnishment, the garnishment action of the wife was due to be dismissed. Escambia, supra. Therefore, the trial court correctly concluded that the order of October 26, 1987, is not a qualified domestic relations order under ERISA, which would allow the wife to garnish the pension plan for child support. No benefits are due and payable to the husband at this time; therefore, none can be assigned or attached. The judgment of the trial court is affirmed.
The appellant’s request for attorney’s fees is denied.
AFFIRMED.
HOLMES, P.J., and INGRAM, J., concur.