SHORES, Justice.
Both parties sought certiorari review of the judgment of the Court of Civil Appeals in G.K.M. v. E.B.M., 728 So.2d 1102 (Ala.Civ.App.1998). We quash the writ as having been improvidently granted. In doing so, we note that we agree with the Court of Civil Appeals, both with the majority opinion and with Judge Robertson’s special opinion, that on remand the trial court should consider all assets included in the marital property (including the judicial retirement) in reaching an equitable distribution of that property, and that the trial court is not precluded from reconsidering all aspects of the property settlement in fashioning an equitable award. However, if the trial court determines that the wife is due to receive a portion of the *1106 benefits payable under the husband’s judicial retirement plan, the trial judge’s order must conform to the strictures of that plan. See: § 29 U.S.C. § 1056(d)(3)(B)(i) and Johnson v. Johnson, 541 So.2d 554, 555 (Ala.Civ.App.1989).
WRIT QUASHED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, COOK, SEE, and LYONS, JJ., concur.