## CAREW *vs.* LOVE'S ADM'R.

[DETINUE FOR SLAVE.]

1. *Statute of frauds as to three years possession of personalty.*—A sale of personal property, under legal process against the loanee, on a debt contracted before the expiration of three years possession by him, does not divest the title of the lender, nor confer a valid title on the purchaser. (WALKER, J., dissenting.)

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by the administrator of Erasmus Love, deceased, against Ebenezer G. Carew and others, to recover a slave which the defendants had purchased at execution sale against one E. D. Jarrett, who held possession under a loan from said Love. The bill of exceptions is in these words:

"Plaintiff proved title to the slave in himself as administrator, the defendants' conversion before the commencement of the suit, the value of the slave, &c. Defendants introduced evidence, tending to show that E. D. Jarrett had been in uninterrupted possession of said slave for three years before he was sold by the sheriff as the property of said Jarrett; but the testimony on this point was conflicting. The evidence showed that, whilst said Jarrett was in possession of said slave, the debt was contracted on which the judgment was obtained under which said slave was sold; but that said Love had regained possession of said slave, before the rendition of said judgment, and before the execution was placed in the hands of the sheriff. The evidence showed, also, that Jarrett lived in Autauga county whilst he had said slave in his possession; that the defendants had the slave sold under execution, and became themselves the purchasers; and there was evidence, also, tending to show that the slave was loaned to Jarrett by Love.

"On this evidence, the court charged the jury, that although they might believe from the evidence that the slave was loaned to Jarrett by Love; and that said slave may have remained in the uninterrupted possession of said Jarrett for three years; and that the debt, on which the judgment was obtained under which said slave was sold, was contracted whilst said slave was in Jarrett's possession,—yet, if Love regained the possession of said slave before the rendition of said judgment, the slave was not subject to said judgment and execution, and that the title to said slave was in Love's estate."

The defendants excepted to this charge, and they now assign it as error.

WM. II. NORTHINGTON, and WATTS, JUDGE & JACKSON, for appellants.

ELMORE & YANCEY, *contra*.

RICE, C. J.—The 2d section of our statute of frauds of 1803, among other things, prescribes the manner in which certain instruments shall be proved and recorded, and concludes in the following words: "Where any loan of goods and chattels shall be pretended to have been made to any person, with whom, or those claiming under him, *possession shall have remained by the space of three years,* without demand made and pursued by due course of law, on the part of the pretended lender ; or where any reservation or limitation shall be pretended to have been made, of a use or property, by way of condition, reversion, remainder, or otherwise, in goods and chattels, the possession whereof shall have remained in another as aforesaid; the same shall be taken, *as to the creditors and purchasers of the person aforesaid, so remaining in possession,* to be fraudulent within this act, and that the absolute property is with the possession ; unless such loan, reservation or limitation of use or property, were declared by will or by deed, in writing, proved and recorded as aforesaid."—Clay's Digest, 254, § 2.

In Brainard v. McDevitt, 21 Ala. 119, this court decided, that to give title to a purchaser, under the section of the statute above quoted, the three years possession contemplated by it must be complete *at the date of his purchase.* We think that decision is in accordance with the nature, terms, true intent and meaning of the statute. It proceeds upon the principle, that the right or title of the lender of personal property cannot, under the statute, be in any manner affected by any act or contract of the loanee, unless such act be done, or such contract be made, *after the possession under the loan has continued for three years.* If that principle be correct as to a purchaser from the loanee, it must be correct as to the creditor. There is nothing in the statute to make it applicable to a purchaser, which does not make it equally applicable to a creditor. So far as that principle is concerned, the language of the

statute is the same as to purchasers and creditors; and they must stand on equal ground.

The circumstance that credit has been given on the faith of the property, does not bring the case within the statute.—Joy v. Campbell, 1 Sch. & Lef. 328. That circumstance might belong to a variety of cases obviously not within the statute. Thus, B. might hold a slave and a horse of A. under a loan, for two years only; at the end of the two years, A. might resume and continuously retain the possession of the property; but during the two years, B. might obtain credit on the faith of the property. In such case, the statute certainly would not authorize the persons who had become the creditors of B. on the faith of the property, to subject it to the payment of their demands against him. To entitle the creditor of the loanee, under the statute, to divest the title of the lender, by a sale under legal process against the loanee, it is essential that the credit be given, or the liability contracted, *after the completion of three years from the commencement of the loan.* Creditors who claim, under the statute, to subject one man's property to the payment of another man's debts, must bring themselves strictly within the statute. The statute in question does not confer that extraordinary privilege *on all classes of creditors* of a loanee, but only on that class in whose favor a debt or liability was contracted *after the loan had continued for at least three years;* and a sale under legal process *against* the loanee, for *a debt contracted before the loan has continued for three years,* does not, by virtue of the statute, divest the title of the lender.

We are aware that expressions may be found in the former decisions of this court, apparently in conflict with the decision in the present case. But, upon examination, it will be found that the point hereinabove decided by us has not been directly decided in any of our previous cases, unless in the case of Brainard v. McDevitt, *supra.* And here we but follow the principle upon which that case was decided, and apply it to *a creditor,* as it was there applied to *a purchaser.*—See Bealle v. Digges, 6 Grattan's Rep. 582. We do not overrule any thing which can justly be regarded as a deliberate decision of this court, or an

established rule of property. But we do disregard certain unguarded and unnecessary expressions contained in the opinions delivered in some of our former cases, which are not warranted by the statute, nor by any sound rule of construction, nor by the decisions of the courts of our sister States upon statutes similar to our own. We deem it safer and better to adhere to the statute, than to sanction its practical repeal and overthrow by such unnecessary and unguarded expressions.

The title of the plaintiff in this case is that of the lender. That title was clearly proved. There is no conflict in the evidence on that point. There is no evidence tending to show that the loanee either contracted a debt, or made a sale, *after his possession had continued for three years.* The entire claim and defense of the defendants rest upon a sale under legal process against the loanee, for a debt contracted by him *before his possession had continued for three years.* Under the statute above cited, that sale conferred no title on the defendants, and did not affect the title of the lender. Upon the uncontroverted facts of the case, the plaintiff was clearly entitled to recover. Whether the charge of the court, or the propositions in it, be correct or not, it is impossible that it did or could have injured the defendants. If the charge be objectionable, still it gave the defendants a chance for a verdict to which they were not entitled. They have not been injured by the charge, and have no right to a reversal.

Judgment affirmed.

WALKER, J.—I dissent from the opinion of my brethren, because I deem it a departure from the effect, and natural and legitimate understanding, if not from the letter of the previous decisions of this court.—Maull v. Hays, 12 Ala. 499 ; McCoy v. Odom, 20 Ala. 502; Pharis v. Leachman, 20 Ala. 682; Upson v. Raiford, 29 Ala. 288; Kirksey v. Montgomery, 26 Ala. 172; Knight v. Bell, 22 Ala. 198 ; Rowan v. Hutchison, 27 Ala. 328.

It is a necessary and *admitted* sequence from the opinion of the majority of the court, that the restoration of the property to the lender's possession, before the creditor

acquires a lien, will not defeat the creditor's right to subject the property to his debt. Thus the effect of the opinion is to overrule a principle established by our decisions. The doctrine, that the restoration of the property to the lender's possession, before a lien attaches, defeats the creditor, is expressly asserted and maintained in the opinion of the court by Mr. Justice Goldthwaite, in Pharis v. Leachman, 20 Ala. 682.

The decision of my brethren will, in my opinion, interfere with what I think is regarded by just inference from the decisions of this court as a rule of property. I dissent on that account, and not because I think the propositions laid down by them are wrong, except as controlled by the previous adjudications in this State.

None of our decisions discriminate, in the application of the loan statute, between creditors antecedent to the expiration of the three years, and those subsequent thereto. They admit only of the construction, that no such distinction existed in the opinion of this court. Several of those decisions are improper and unsound statements of the law, if such a distinction does exist.