## DURDEN vs. McWILLIAMS.

[TRIAL OF RIGHT OF PROPERTY IN SLAVE.]

1. *Statute of frauds as to three years possession of personalty.*—Three years possession of personal property, under a loan, does not render such property liable to the debts of the bailee contracted before the expiration of the three years.

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. ROBERT DOUGHERTY.

THIS suit was a trial of the right of property in a slave, between A. K. McWilliams, plaintiff in execution against W. L. Durden, and Mrs. Gilly Durden, who was the mother of said defendant in execution, as claimant. The plaintiff's judgments were rendered on the 14th April, 1854, and were founded on several promissory notes executed by said W. L. Durden, dated December 27, 1850, Jan. 21, 1852, Feb. 17, 1853, and Feb. 27, 1854. It appeared that the claimant, about Christmas, 1849, divided out her slaves among her children; but her son W. L. Durden being wild and dissipated, "she would not part with the title to the slaves set apart to him, among whom was the slave in controversy, but said she would let him have their use and labor so long as she saw fit, and reserve to herself the privilege of repossessing herself of them when she pleased." At the time of the levy, August 2, 1854, the slave was in the claimant's possession. The court charged the jury, "that if the defendant in execution had been for three years in uninterrupted possession of the slave, without demand made and pursued by due course of law by the claimant, and without there having been any written agreement, testifying as to the character of his possession, duly recorded; and plaintiff had acquired a lien on the slave during that time,—then the slave would be subject to plaintiff's lien." This charge, to which the

claimant excepted, is the principal matter now assigned as error.

ELMORE & YANCEY, for the appellant.
WATTS, JUDGE & JACKSON, *contra*.

WALKER, J.—The decision of the majority of this court, in the case of Carew v. Love's Adm'r, at the present term, holds, that three years possession, under a loan, does not render the chattels so possessed liable to the debts of the bailee, created before the expiration of the three years possession. This decision is decisive of the question arising upon the charge given by the court. The charge was erroneous, because it authorized the subjection of the slave to the payment of the bailee's debts created before the expiration of the three years possession, upon the mere ground of that possession.

The questions of evidence, presented in the bill of exceptions, will probably not again arise; and we therefore do not deem it necessary to decide them.

The judgment is reversed, and the cause remanded.