# Jones *v.* The State.

*Indictment for Removing Property upon Which there was a Lien.*

1. *Proof of the execution of a written instrument.*—When in a trial, it is necessary to prove the execution of a written instrument which is attested by a subscribing witness, its execution must be proved by the attesting witness before it is legally admissible in evidence.

2. *Same; provisions of the statute.*—Under the provisions of the statute (Code of 1886, §§ 1798, 1806), a recorded chattel mortgage is not admissible in evidence as self-proving, unless it be shown, either on the face of the instrument itself or by extrinsic evidence, that it was recorded in the proper county or counties, in accordance with the requirements of section 1806.

3. *Removing property upon which there was a lien; charge upon the effect of the evidence improper.*—On a trial under an indictment which charges in two separate counts the defendant with removing property upon which there was a lien, to hinder or defraud two different people, a charge given by the court *ex mero motu* that if the defendant took the property for the purpose of hindering or delaying any one, it was S., (one of the two persons designated in the indictment),while improper as a charge upon the evidence, is not prejudicial to the defendant, its effect being merely an instruction that the jury could not find. the defendant guilty, so far as the other person was concerned; and yet not charging them that the defendant was guilty as to S.

4. *Same; ingredients of the offense.*—Under an indictment charging a defendant with removing property which was subject to a lien, to hinder, delay or defraud a person who had a claim thereto, in violation of the statute (Crim. Code of 1886, § 3835), there can be no conviction in the absence of proof that the defendant knew or had been informed of the claim or lien of such a person to the property alleged to have been removed.

APPEAL from the Circuit Court of Walker.
Tried before the Hon. JAMES J. BANKS.

The appellant was indicted, tried and convicted for removing property on which there was a lien, knowing at the time of the existence of such a lien. The indictment contained two counts. In the first count, it was charged that the defendant, with the purpose to hinder, delay or defraud J. W. Hood, who had a lawful and

valid claim thereto, removed the property. In the second count the claim to the property was laid in J. J. Snow.

On the trial of the case, as is shown by the bill of exceptions, the solicitor offered to introduce in evidence a mortgage purporting to be signed by W. J. Jones and his wife, which recited that it was given to secure the payment of the sum of $350 due by a note executed by the mortgagors on March 4, 1891, the date of the execution of the mortgage. In this mortgage there was conveyed the property which the defendant was charged with having removed. The mortgage was attested by one witness and was acknowledged by the mortgagors before said attesting witness as a notary public, and there was attached thereto the certificate of the judge of probate of Walker county that it had been recorded in his office—the mortgage purporting to have been executed in Walker county. The defendant objected to the introduction of this mortgage in evidence, upon the grounds, 1st, that the mortgage purported to have an attesting witness, and the execution of the same was not proved by said witness; 2d, that the mortgage showed on its face that the indebtedness was evidenced by a promissory note, and the note was not produced. The court overruled this objection, allowed the mortgage to be introduced in evidence, and the defendant duly excepted. The solicitor then offered to introduce in evidence the promissory note executed by the mortgagors on March 4, 1891, for $350, and payable to the order of John W. Hood. This note was attested by one witness. The defendant objected to the introduction of this note in evidence, upon the following grounds: "1st. That it purported to have an attesting witness, and the execution of the note had not been proven by said attesting witness. 2nd. Because the said note was irrelevant." The court overruled this objection, allowed the note to be introduced in evidence, and to this ruling the defendant duly excepted.

Upon the introduction of J. W. Hood, the mortgagee in the mortgage above referred to, he testified that he endorsed upon said mortgage the following transfer: "I, J. W. Hood, this day transfer the within mortgage to T. J. Snow, except Long note, amount of it is $134.50, with interest from date, March 1st, 1892, without re-

course on John W. Hood. (Signed) J. W. Hood." The defendant objected to this testimony, as to the proof of the transfer, on the grounds (1) that said transfer purports be a part of the debt and the consent of the debtor is not shown ; and (2) because the transfer purports to be of collateral security, and was made without the transfer of the original debt. The court overruled this objection, and the defendant duly excepted. The witness Hood further testified that at the time he made this transfer, he delivered to T. J. Snow the note and mortgage introduced in evidence ; that he took the said note from W. J. Jones and agreed to let him have the amount of money mentioned therein, if he could raise that much, and if he could not, that he would let him have as much as he was able to raise ; that under such agreement, and after the execution of the note, he let said Jones have $195, and afterwards took in part payment, a note from one B. M. Long for $144.50 ; that no other payment had been made on the note and mortgage while he held it.

Upon the introduction of T. J. Snow, as a witness for the State, he testified that after the mortgage was transferred to him, nothing was paid on it by the mortgagor ; that he went to the residence of the mortgagor, who then turned over to him the property described in the indictment, and he, Snow, kept it in his possession ; that after giving due notice of the sale, he took the property to Hewitt, in Walker county, Alabama, for the purpose of selling it under the mortgage ; that while he was waiting for the sale, the defendant, together with with one Aus Jones, cut the horses loose, notwithstanding he, Snow, forbade their doing so ; and that the horses were sent to the home of W. J. Jones, the mortgagor, where, as the witness knew, they had remained ever since. This witness further testified that the trade between him and Hood, in reference to the note and mortgage, was as follows : Hood owed the witness money, and the witness agreed to take the note and mortgage, and make his money out of it, if he could, and apply it to Hood's debt. The witness further testified that Aus Jones, the son of W. J. Jones, brought him $30, and offered it to him in full payment of the balance due on the note and mortgage, and that the witness said "it was nothing to him, and if Hood was willing, he would do so ;" that he offered to take the $30

7

[Jones v. The State.]

and give a receipt for the amount, but refused to give up the horses ; but Aus Jones would not deliver him the $30 under such circumstances.

· W. J. Jones, as a witness for the defendant, testified that he had paid on the Long note $144.50, and that after the tranfer to Snow he calculated that the balance due was $30, which amount he sent to Snow by his son, Aus Jones, but Snow declined to accept it ; that on the day the property was·to be sold, he considered that the mortgage had been paid in full, and directed the defendant to take the horses and carry them home.   This was substantially all the evidence in the case.

In its general charge, the court instructed the jury, among other things, as follows :   "I charge you that if the property was taken by the defendant for the purpose of hindering or delaying any one it was Mr. Snow." To the giving of this charge the defendant duly excepted, and he also separately excepted to the court's refusal to give the following charge, among others, requested by him :   (1.)   "If you believe the evidence, you can not convict the defendant under the second count of this indictment."

COLEMAN & BANKHEAD, for appellant.—1.   The court erred in admitting the note and mortgage in evidence. There was a subscribing witness to each of these instruments, and the execution of each should have been proven by such subscribing witness.—Code of 1886, § 1798 ; *Ellerson v. State*, 69 Ala. 1 ; *Patterson v. Jones*, 89 Ala. 388.

2.   The mortage was not admissible as self-proving, since it was not shown to have been recorded in the county in which the grantor resided, and in the county where the property was located at the date of the execution of the mortgage.—Code of 1886, § 1806 ; *Pollak v. Davidson*, 87 Ala. 551.

3.   The charge given by the court *ex mero motu*, to which an exception was reserved, was erroneous.—*Barnett v. State*, 83 Ala. 40 ; *Bain v. State*, 70 Ala. 4.

WILLIAM C. FITTS, Attorney-General, for the State. The mortgage was self-proving under the statute.—*Patterson v. Jones*, 89 Ala. 388.

HARALSON, J.—1. Where the execution of a private writing is necessary to be proved, for it to become legally admissible in evidence, its execution, if attested by a subscribing witness, should generally be shown by the evidence of such witness.—*Ellerson v. The State*, 69 Ala. 1; *Russell v. Walker*, 73 Ala. 315; *Meyer Bros. v. Mitchell*, 75 Ala. 481; *Askew v. Steiner*, 76 Ala. 221; *R. & D. R. R. Co. v. Jones*, 92 Ala. 226.

By statute it is provided, that conveyances which are acknowledged or proved according to law, and recorded within twelve months from their date, may be received in evidence in any court without further proof, (Code of 1886, § 1798) ; and "conveyances of personal property to secure debt, or to provide indemnity, must be recorded in the county in which the grantor resides, and also in the county where the property is at the date of the conveyance ; and if, before the lien is satisfied, the property is removed to another county, the conveyance must be again recorded within six months from such removal, in the county to which it is removed."—Code of 1886, § 1806.

These two provisions are found in the Article of the Code having reference to the registration, acknowledgment and probate of conveyances of property. The Article following makes provisions for the protection of creditors and purchasers against dormant · conveyances and loans. Section 1814 in this Article provides, that "conveyances of personal property, to secure debts or to provide indemnity, are inoperative against creditors and purchasers without notice, until recorded, unless the property is brought into this State subject to such incumbrances, in which case four months are allowed for the registration of such conveyances," &c.

It thus appears, that section 1806 above· quoted, was designed not to be a provision for the protection of *bona fide* purchasers without notice, for if that were the case, there would have been no necessity for section 1814. When, therefore, section 1798, specifying when conveyances are to be admitted in evidence as self-proving, and said section 1806, touching mortgages ·on personal property, when and where to be recorded, both found in the same Article of the Code, are construed together, it becomes apparent, that no conveyance of personal property to secure debts or to provide · indem-

nity is properly recorded, so as to make it admissible in evidence as self-proving, unless it be shown either on the face of the instrument itself, or by extrinsic proof, that it was recorded in the proper county,—according to the requirements of said section 1806. This is a new rule of proof of such written instruments, and must be strictly complied with.—*Keller v. Moore*, 51 Ala. 349; *E. T. V. & G. Railway Co. v. Davis*, 91 Ala. 615.

The mortgage offered and admitted in evidence, without pooof by the subscribing witnesses, or one of them, to the instrument, against the objection of defendant, on that ground, was improperly admitted. Its caption is, "The State of Alabama, Walker County," but it does not on its face disclose the residence of the grantor, or the *situs* of the property conveyed, at the date of its execution, nor was there any proof as to where the defendant lived, or the personal property was situated at that time, nor that the property had been moved into another county other than the one where it was at the date of the mortgage. These were facts necessary to be shown by the prosecution, before the instrument could be admitted, on its acknowledgement by the grantor, as self-proving. As for anything appearing, the residence of the mortgagor and the situs of the property, at the date of the execution of the mortgage, might have been in another county than Walker.—*Coker v. Ferguson*, 70 Ala. 284; *Hart v. Ross*, 57 Ala. 520.

2. The mortgage purports to secure a note by defendant and his wife, for $359, dated March 4th, 1891, and payable March 4th, 1892, to John W. Hood.

The State offered, and the court allowed to be introduced and read, a note by defendant and wife to said Hood of the same time and date, which note was attested by two witnesses. There was no proof of its execution, nor was it shown that it was the same note as the one described in the mortgage. Against the objections offered, it was not properly admitted.

3. As these defects in the proofs may be cured on another trial, it may be well to notice some of the other rulings of the court.

The *mero motu* charge of the court should not have been given, as it was a charge on the effect of the evidence, without request from either party. But, it was a charge in the interest of defendant, since it instructed

[Jones v. The State.]

the jury, in effect, that they could not find the defendant guilty under the first count in the indictment, which charged him with removing the mortgaged property, to hinder, delay and defraud J. W. Hood; and yet, it did not charge them, that they could find him guilty under the second count, charging the removal by him of the property of T. J. Snow with a criminal intent. It affirmatively appears, the charge was not injurious to defendant.

4. The first charge asked by defendant should have been given. The evidence tended to show without conflict, that Snow held the mortgage by transfer from Hood, to whom it was given, as collateral to a debt Hood owed him. Snow, himself, testified that the mortgagor claimed that he only owed a balance of $30 on the mortgage, and sent him that amount by his son, Aus Jones, and offered it as a payment in full, if Snow would give up the horses, and that he, Snow, said to Aus Jones, "it was nothing to him, and that if Hood was willing he would do so." There is no proof that Snow ever made known to defendant that he had a lawful and valid claim to the horses under a written instrument, and for aught appearing to defendant, Snow, was simply acting as agent for Hood in the collection of the balance due on the mortgage. That $30 was all that W. J. Jones, the mortgagor, owed Hood, and that he believed it was all he did owe him, there is evidence tending to show.

The said W. J. Jones testified, that on the day that Snow says the defendant took the horses and carried them to the mortgagor's home, he, the mortgagor, told defendant, who is his son, that the mortgage was paid in full, and for him, the defendant, to take the property and carry it home. Snow testified, that he told defendant not to carry the horses off, but he did so anyhow, and carried them to the mortgagor's home, where they still were, and had been ever since they were carried there.

Under this state of uncontradicted evidence, even if the mortgage had been properly admitted in evidence, the said charge should have been given. Without reference to the criminal intent, if it were admitted he had any, towards Hood, there is no proof, as we have stated, that defendant knew or had been informed of any claim that Snow had to the property, in the absence of

which proof, he could not be convicted under the second count.—Code of 1886, § 3835 ; *Ellerson v. State*, 69 Ala. 1. As the court had already charged the jury that they could not find defendant guilty under the first count, and as it ought to have been charged, as requested by defendant, that they could not convict him under the second count, it is unnecessary to notice other errors insisted on.

Reversed and remanded.