# Bradford & Sons *v.* Bassett.

## *Claim Suit.*

(Decided Nov. 22, 1906.44 South. 59. Rehearing denied June 13, 1907.)

1. *Execution; Claim Suit; Void Process.*—The claimant may show that the attachment execution or other process levied on the property claimed is void on its face.

2. *Same; Estoppel by Bond on Question of Levy.*—Unless the process is void on its face a claimant of property levied upon estops himself from inquiring into the validity of the levy when he makes the affidavit and gives the bond required by section 4141, Code 1896.

3. *Same; Claim Suits; Issues.*—The only issues in a claim suit are whether the property levied upon and claimed is the property of defendant in execution and liable for its satisfaction, or whether it is the property of claimant.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Joseph Bradford & Son against M. M. Harris. W. D. Bassett filed a statutory claim. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Joseph Bradford & Son recovered of M. M. Harris a judgment in the justice court of W. C. Rogers, a justice of the peace in and for beat No. 7, and procured execution on said judgment, which was levied by the constable upon certain guano, cotton seed, fodder, and corn, among other things. The appellee filed a claim to the same under the statute, and gave the usual claim bond. The execution appeared to have been regular, but was levied by W. W. Rogers, who was authorized in writing to make the levy by Adamson, the regular and lawful constable for that precinct. Upon the trial the claimant objected to the introduction of the execution and the return thereon, because the levy was made and the re-

[Bradford & Sons v. Bassett.]

turn signed by a deputy constable, on the ground that there was no such office, and the constable had no warrant or authority at law to deputize another to make the levy, and that this rendered the execution void. The court sustained the objection, and at the conclusion of the testimony the court gave the general affirmative charge for the defendant.

WALTER S. SMITH, for appellant.—Executions after they have been returned become a part of the record.— *Ayres v. Roper*, 111 Ala. 651; *Hanna v. Price*, 23 Ala. 826; *Woodward v. Harbin*, 1 Ala. 104. The defendant in execution being the constable of the precinct in which the judgment was rendered, it was the duty of the justice of the peace to place it in the hands of another constable of the county.—Section 979, Code 1896. A constable can appoint a deputy constable.—25 A. & E. Ency. of Law, 674; *Jobson v. Fennell*, 35 Cal. 711; *Taylor v. Brown*, 4 Cal. 188; *Murlett v. The State*, 100 Ala. 42. The filing of the affidavit and claim bond admits the levy and estops the claimant from denying the levy.—*Schamragle v Whitehurst*, 103 Ala. 260; *Guy v. Lee*, 81 Ala. 163; *Mayer v. Clark*, 40 Ala. 269. Unless the process is void on its face the claimant cannot take advantage of its defects.—*Carter v. O'Brien Bros.*, 105 Ala. 314; *Christian v. Michael*, 121 Ala. 88; *Sandlin v. Anderson*, 76 Ala. 404; *Ellis v. Martin*, 60 Ala. 394. The process was not void.—*Street v. McClerkin*, 77 Ala. 580. The court erred in giving the affirmative charge for the claimant.—*Jackson v. Bain*, 74 Ala. 330; *Shehan v. Herzberg*, 75 Ala. 62.

JOHN W. OVERTON, for appellee.—The levy was made by one Rodgers who was deputized by Adamson, constable, and the levy was absolutely void.—Section 978, Code, 1896; *Schamragle v. Whitehurst*, 103 Ala. 260;

*Nordlinger v. Gordon,* 72 Ala. 239 ; *Tolliver v. Lane,* 23 Ala. 59 ; *Bradley v. Clark,* 22 Ala. 361 ; *Jackson v. Bain,* 74 Ala. 328 ; *Flash v. Paul,* 29 Ala. 141.

DENSON, J.—It is a principle of law well settled by the decisions of this court that a claimant in a claim suit may show that the attachment, execution, or other process is void on its face.—*Schamagel v. Whitehurst,* 103 Ala. 260, 15 South. 611, and authorities there cited. It is equally as well settled that when a party makes affidavit and gives bond as required by the statute (section 4141 of the Code of 1896), if the process is not void on its face, the party by his claim bond is estopped from inquiring into the validity of the levy. It is true that in the case above cited this language is used: "These admissions (in the claim bond) did not preclude the claimant, if he could, from showing that the writ of attachment or levy was void on its face." The latter alternative of the sentence quoted has been seized upon by the appellee (claimant) as authority for the proposition that, notwithstanding the execution of the claim bond reciting the levy of the execution in the case at bar, which is a valid execution, the claimant may show that the levy was void.

The facts of that case did not call for the enunciation of the proposition contended for by appellee, and which the circuit court adopted in its ruling. Nor was it intended to be so held. We make this latter statement because in a subsequent case, in which the facts were that an attachment was sued out before a justice of the peace and levied by an officer without authority to make the levy, and a claim affidavit and bond were made, the justice granted a motion made by the claimant to discharge the levy. On appeal to the city court the motion to discharge the levy was renewed, and was there over-

ruled. This court disposed of the question in this language: "Whether the levy of the attachment was valid or not is immaterial. The execution of the claim bond estopped appellant (claimant) from denying the levy." —*Sloan v. Hudson,* 119 Ala. 31, 24 South. 459. The court there cited as authority the case relied upon by appellee here. To the same effect are the following cases: *Schloss v. Inman, Smith & Co.,* 129 Ala. 430, 30 South. 667; *Eldridge v. Grice,* 132 Ala. 667, 32 South. 683; *Henderson v. Bank of Montgomery,* 11 Ala. 855. It follows that the objection to the execution was improperly sustained by the court.

The only issue in the case for the jury to try was whether the property claimed was the property of the defendant in the execution and was liable to its satisfaction.—Code, 1896, § 4142; *Schloss v. Inman, Smith & Co.,* 129 Ala. 430, 30 South. 667. The judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.