[Jordan Brothers v. Gordon.]

# Jordan Brothers *v.* Gordon.

### Trial Right of ·Property.

(Decided June 21, 1913.  62 South. 1023.)

1. *Execution; Process; Trial of Property.*—In a proceeding under section 6039, et seq., Code 1907, a plaintiff must, to make out a prima facie case present the process under which the levy was made, and if the process is void upon its face, plaintiff is not entitled to recover.

2. *Same; Validity.*—Where the execution does not state the name of the plaintiff in whose favor the execution was issued, or in whose favor the judgment was rendered, on which the execution was based, it is void on its face.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

M. Gordon, as execution plaintiff had execution levied upon certain property as the property of defendant in the process, to which Jordan Brothers interposed a claim.   Judgment for plaintiff and claimants appeal. Reversed and remanded.

McCONNELL & CONNER, for appellant.   The execution was void.—*Strickland v. Hardy,* 82 Ala. 411; *Graham v. Chandler,* 15 Ala. 345.   The plaintiff failed to make out a prima facie case.—*Shorter v. Mims,* 18 Ala. 655; *Marks v. Wood,* 133 Ala. 533; *Jackson v. Baine,* 74 Ala. 330; *Bradford v. Bassett,* 151 Ala. 520.

HUGH REID, for appellee.   By executing claim bond and affidavit claimant is estopped to deny that a levy was made.—*Henderson v. Bank of Montgomery,* 11 Ala. 855.   The claimant claims under a mortgage, but failed in the affidavit to state upon what his claim was based, and therefore was not entitled to recover, and hence,

cannot complain of injury.—Sec. 6043, Code 1907; *Bennett v. McKee,* 144 Ala. 601; *Ivey v. Coston,* 134 Ala. 259.

THOMAS, J.—It is firmly setled by the adjudications of our Supreme Court, and rightfully so on principle, that a plaintiff, in the statutory proceeding known in the legal parlance of this state as "a trial of the right of property" (Code, § 6039 et seq.), must, among the other requisites essential to the making out of a prima facie case, present the process under which the levy on the property in controversy was made; and that, if it appears that this process is upon its face void (not merely voidable), the claimant can take advantage of the fact, and the plaintiff is not entitled to recover; for the reasons as given by Judge Stone, in speaking for the Supreme Court in the leading case on the subject, that, the process "being void, the first step cannot be taken by plaintiff in showing a prima facie right of recovery. He falls before he reaches the adversary's works."—*Jackson v. Bain,* 74 Ala. 328. See, also, *Nordlinger v. Gordon,* 72 Ala. 239; *Sandlin v. Anderson,* 76 Ala. 403; *Schamagel v. Whitehurst,* 103 Ala. 260, 15 South. 611; *Bradford v. Bassett,* 151 Ala. 520, 44 South. 59.

In the present case the process upon which plaintiff relied was absolutely void in that it was an execution which failed to state the name of the plaintiff in whose favor the execution was issued, or in whose favor the judgment, upon which the execution was issued, was rendered.—*Cooper v. Jacobs et al.,* 82 Ala. 411, 2 South. 832. The trial court was therefore in error in not sustaining claimants' objection to the execution and in giving the affirmative charge for plaintiff.—Authorities supra.

[Interstate Amusement Co. v. Martin.]

Since the plaintiff never can recover in this suit because of the fact that the execution upon which he relies is void, it is unnecessary to consider the other questions raised by the record.—*Jackson v. Bain, supra.*

The judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.