(78 South. 881)

HILL v. RENTZ. (2 Div. 653.)

(Supreme Court of Alabama. April 18, 1918. On Application for Rehearing, May 30, 1918.)

1. ATTACHMENT ⚙══294 — CLAIM SUIT AND BOND—ESTOPPEL.

The filing of a claim suit and bond in attachment estops the claimant from disputing or questioning the levy, or mere irregularities in the process, and matters which do not affirmatively show on their face that the process was void.

2. CHATTEL MORTGAGES ⚙══92—FAILURE TO RECORD—VALIDITY.

Where the mules covered by a chattel mortgage were in W. county when the mortgage was executed to secure the purchase price, and the purchaser intended to remove them from that county possibly before the mortgage could have been recorded therein, the failure to record the mortgage in that county until after an attachment was levied upon them did not thereby render the mortgage void as between the parties thereto, and it was as valid as against the mortgagor as if properly recorded in all the counties required by Code 1907, § 3376, which merely controls as to the county in which the mortgage shall be recorded in order to guard against section 3386 relating to effect of failure to record.

3. CHATTEL MORTGAGES ⚙══197(1)—PRIORITIES —FAILURE TO RECORD.

Code 1907, § 3386, providing that chattel mortgages not recorded as directed by law shall be inoperative against creditors and purchasers without notice, applies only to subsequent and not to existing creditors.

4. CHATTEL MORTGAGES ⚙══201(2) — BURDEN OF PROOF—PROTECTION OF RECORDING STATUTES.

Plaintiff in attachment against mules as the property of his debtor had the burden of proving that the property was liable to the process, and that he was a subsequent creditor within the protection of the recording statutes. Code 1907, § 3386.

5. APPEAL AND ERROR ⚙══1153 — TRIAL BY COURT—RENDITION OF JUDGMENT.

Where the judgment in a cause tried without a jury was erroneous, the Supreme Court on appeal would render the judgment which the trial court should have rendered.

Response to Application for Rehearing.

6. APPEAL AND ERROR ⚙══1177(7) — REMAND FOR NEW TRIAL—GROUNDS.

The Supreme Court will never remand a case for a new trial because there might possibly be new evidence offered at the next trial, but the court must be satisfied that additional or different evidence will be offered at the next trial and that it would probably result in a different verdict.

7. APPEAL AND ERROR ⚙══1177(7)—REVERSAL —GROUNDS.

An application for a reversal, merely claiming that the applicant should have the opportunity to offer new evidence, is not sufficient, especially when the applicant prevented the identical evidence from being offered on the first trial.

Appeal from Circuit Court, Wilcox County; B. M. Miller, Judge.

Claim suit by Walton H. Hill against E. O. Rentz. Judgment for defendant, plaintiff in attachment, and claimant appeals. Reversed, and judgment rendered for claimant.

Godbold & Godbold, of Camden, for appellant. Bonner & Miller, of Camden, for appellee.

This cause was submitted, and considered under rule 46 of this court (178 Ala. xix, 65 South. vii), and the opinion was delivered by Mr. Justice MAYFIELD:

Statement of the Case.

This is a claim suit to try the right of property to 15 mules. Appellee attached the mules as the property of his debtor, one W. F. Allen; and appellant instituted a statutory claim suit therefor, basing his claim to the property on a mortgage executed by Allen to one J. F. Giddens, and duly assigned by him to appellant. The attachment suit was instituted in the circuit court of Wilcox county after the passage of the statutes consolidating the circuit, chancery, city, and other courts, into the circuit court. The claimant, after interposing his claim as for the attached property, filed a motion, seeking to have the proceeding transferred from the law court to the chancery or equity docket of the circuit court, on the ground that the rights of the parties to the mules, in part at least, depended upon equitable, as distinguished from legal principles. The trial court properly denied this motion, for the reason that, for a long time before the various courts were consolidated, our statutes had allowed equitable titles and defenses to be set up in a court of law, in proceedings like this. Code, § 6039; Ballard v. Mayfield, 107 Ala. 396, 18 South. 29. The issue was then made up as the statute (Code, § 6040) directs; and, no jury being demanded, the issues were tried by the circuit judge as is authorized by statute. The judge found that the property levied upon was that of the defendant in attachment, and was liable to the process, and entered judgment for the plaintiff. From this judgment the claimant prosecutes this appeal.

Opinion.

In statutory claim suits to try the right of property taken under attachment, execution, or other process, the statute directs that the plaintiff in process must allege that the property claimed is that of the defendant in process, and that it is liable to the satisfaction of the process; and the burden of proof as to both of these facts alleged is on the plaintiff. Code, § 6040.

⚙══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] The filing of the claim suit and bond, as is provided for instituting the claim suit, estops the claimant from disputing or questioning the levy, or mere irregularities in the process—matters which do not affirmatively show on their face that the process is void. Bradford v. Bassett, 151 Ala. 520, 44 South. 59. For this reason there was no merit in claimant's objections to the process or levy or to the mode in which they were proven.

[2-4] The trial court did err, however, in finding for the plaintiff in attachment. There was no proof to show that the property was liable to the satisfaction of the process, as against the rights of this claimant under the mortgage. It is true that the proof showed that the mules, literally speaking, were in Wilcox county when the mortgage was executed, and that the mortgage was never recorded in Wilcox county until after the attachment was levied upon them. This, however, did not render the mortgage void as between the parties thereto. It was just as valid against the mortgagor as if properly recorded in all the counties required by section 3376; but this section does not provide or fix penalties for the failure to so record, nor does it provide for the protection of creditors of, or purchasers from, the mortgagor. Section 3386 of the Code provides for the effect of failure to record mortgages of chattels and, of course, controls in this respect; but section 3376 controls as to the counties in which the mortgages shall be recorded, in order to guard against the provisions of section 3386. Jones v. State, 113 Ala. 95, 21 South. 229. While the statutes do provide that chattel mortgages not recorded as directed by law are inoperative against "creditors and purchasers without notice," yet this does not include all creditors, or even all purchasers; the limitation applies expressly to those "without notice." These statutes have also been frequently construed by this court to apply only to subsequent, and not existing, creditors. That is to say, it is not necessary to record such mortgages as against existing creditors, because they cannot be injured by a failure to record; while a subsequent creditor may be. He may have given credit to the mortgagor, acting on the faith and belief that he owned the property, and that it was unincumbered and subject to the payment of his debt. As was said by this court, speaking by Anderson, J., now Chief Justice:

"This statute was intended to protect creditors who deal with the mortgagor upon the strength of his ownership of the property, and who did not know of an existing unrecorded mortgage on same, and does not apply to creditors existing when the mortgage was made. This court, as far back as the case of Carew v. Love's Adm'r, 30 Ala. 577, held that creditors and purchasers stand upon the same footing, and that the statute there considered meant subsequent and not existing creditors, and this case was followed in the cases of Durden v. McWilliams, 31 Ala. 206, and Mathis v. Thurman, 143 Ala. 560, 39 South. 360. It is true,

those cases dealt with the statute of frauds against loans; but by analogy the word 'creditor,' as there used and construed, would apply to creditors and purchasers as used in section 3386, as the purpose of said section is to protect those dealing with a mortgagor who did not know of an existing mortgage. The burden was on the plaintiff to bring itself within the protection of the statute by showing that the debt was contracted after the mortgage was made." Diamond Rubber Co. v. Fourth Nat. Bank, 171 Ala. 425, 55 South. 101.

There was no evidence whatever to show that plaintiff was a subsequent creditor, and therefore within the protection of the statute; and, the burden of proof being on him to show that the property was liable to the process, he therefore must fail in this claim suit, and the trial court should have found for, and rendered judgment in favor of, the claimant.

We must not be understood as holding that the plaintiff would have been entitled to a judgment had he proven that he was a subsequent creditor. It is not certain that the property was in Wilcox county at the date of the conveyance, in the sense in which the statute (section 3376) requires the mortgage to be recorded in that county. While the property was in Wilcox county when purchased by the mortgagor, he purchased for the purpose of removing it therefrom, and it was soon thereafter in transit and out of that county, and would probably have been out of the county before the mortgage could be recorded in Wilcox county. As to this, however, we do not decide, but merely desire not to commit ourselves one way or the other. Moreover, the mortgage in this case was solely to secure the purchase price of the mules; the mortgagor never had any right or title to the mules except that which he acquired by the sale and by the mortgage which was a part of the sale. The mortgage prevented the title from ever vesting in the mortgagor, except by a preference of the creditors of the mortgagor. In the absence of fraud, it is difficult to see how his creditors could acquire a title and right through him, which he himself did not then have and never did have.

The case would seem to be different from one where the mortgagor had title, but parted with it by a mortgage or conveyance which was void as against his creditors; there his creditors acquire the right and title which he would have had but for the void mortgage or conveyance. Here, however, it appears that he had no right or title except that which he acquired by virtue of the mortgage and sale, which together constituted but one transaction. But as to this we decide nothing because not necessary; we merely suggest these difficulties, without being at all committed or bound by the suggestions in any case wherein the question is presented.

[5] It therefore results that the judgment for the plaintiff was erroneous; and, as the

cause was tried without a jury, we here render the judgment for the claimant which the trial court should have rendered.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE, and THOMAS, JJ., concur.

### On Application for Rehearing.

MAYFIELD, J. [6, 7] This court will never remand a cause for a new trial on the ground that there might possibly be new evidence offered at the next trial. The court must be satisfied that additional or different evidence will be offered at the next trial, and that such trial would probably result in a different verdict. An application for a reversal, which merely claims that the party applying should have the opportunity to offer new evidence if he desires—as is done in this case—is not sufficient. Certainly not when, as in this case, the party desiring the new trial prevented the identical evidence from being offered on the first trial.

Application overruled.