(105 So. 713)

**CORNELIUS LUMBER CO. v. LAWHORN-SMITH & CO.** (4 Div. 65.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Aug. 11, 1925.)

**1. Appeal and error ⬥263(1)—Oral charge not reviewable, where no exception reserved.**

Oral charge of court is not reviewable, where no exception was reserved thereto.

**2. Trial ⬥260(1)—Charges covered by other charges properly refused.**

Charges fully covered by other charges are properly refused.

**3. Trial ⬥234(7)—Requested charge in attachment suit properly refused as misplacing burden of proof as to recording mortgage on property arriving within state.**

In an attachment suit, wherein intervener claimed attached lumber under mortgage, a requested charge which placed on plaintiff, who made attachment, the burden of proving that intervener did not record his mortgage within three months after arrival of property within state was properly refused as misplacing burden of proof, as burden was on plaintiff to show property had been in county for more than three months, and then burden shifted to intervener to show recordation of mortgage within statutory period.

**4. Chattel mortgages ⬥138(1)—Requested charge, relative to priority of rights of mortgagee over one who attached property, properly refused as unsound.**

In an attachment suit, wherein intervener claimed property under a mortgage, a requested charge that if intervener had valid mortgage at time of removal of property into county, and that if debt of plaintiff, for which attachment was made, was contracted before lumber was brought into state, verdict should be for intervener, held properly refused as unsound, since, if plaintiff's debt accrued subsequent to intervener's mortgage, he was within protection of recording statute.

**5. Chattel mortgages ⬥89—Requested charges asserting that mortgaged property brought into state for shipping only is not within recording statute properly refused.**

In an attachment suit, wherein intervener claimed property under mortgage, requested charges which asserted that the bringing of mortgaged property into the state where it is brought for shipment only is not within the recording statute, although property remains in state more than three months, was properly refused; there being no such exception in the statute.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Attachment suit by the Lawhorn-Smith & Co. against W. A. Pledger, Jr., and intervention of claim by the Cornelius Lumber Company. From a judgment for plaintiff, claimant appeals. Affirmed.

Certiorari dismissed by Supreme Court in Ex parte Cornelius Lumber Co., 213 Ala. 553, 105 So. 714.

These charges were refused to the claimant:

"(7) The court charges the jury that the claimant had three months after the arrival of the lumber, levied upon in this case, in this county within which to file his mortgage for record in this county, and the burden of proof is upon the plaintiff to show that the claimant did not record his mortgage within three months after such arrival.

"(8) I charge you that if you believe from the evidence that the claimant had a valid mortgage on the lumber involved in this suit, while such lumber was in the state of Florida, and that said lumber was removed into this county, that the claimant had three months after the arrival of lumber in this county within which to file his mortgage for record, and that the burden is upon the plaintiff to reasonably satisfy you that the claimant did not so record his mortgage within three months after the arrival of the lumber in this county, and if the plaintiff fails to so satisfy you, you should find for the claimant.

"(9) I charge you that if you believe from the evidence that the claimant had a valid lien, incumbrance, mortgage, or trust for the security of a debt on lumber involved in this suit at the time of its removal into this state and county, and that the writing evidencing the lien, incumbrance, mortgage, or trust, was filed for record in this county and state within three months after the arrival of such lumber in this county, you should find for the claimant, and if you believe from the evidence that claimant had such mortgage or lien, the burden is upon the plaintiff to reasonably satisfy you that the claimant did not record his mortgage in this county and state within three months after the arrival of the identical lumber levied upon in this case.

"(10) The court charges the jury that if they believe from the evidence that the claimant had a valid lien, incumbrance, mortgage, trust for the security of debt on the lumber involved in this suit, at the time of its removal into this county and state, and further believe from the evidence that the debt of the plaintiff for which the levy was made, was contracted before the lumber was brought into this county, then in that event the claimant would be entitled to a verdict."

E. C. Boswell, of Geneva, for appellant.

The burden of proof is upon the plaintiff, not only to show that the property claimed is the property of the defendant, but that it is liable to the process and that he was a subsequent creditor. Keyser v. Maas, 111 Ala. 390, 21 So. 346; Warren v. Liddel, 110 Ala. 232, 20 So. 89; McDonald v. Stephens, 204 Ala. 359, 85 So. 746; Gulf Coast Lbr. Co. v. Miles, 206 Ala. 429, 90 So. 281; Hill v. Rentz, 201 Ala. 527, 78 So. 883; Jackson v. Wilson Bros., 201 Ala. 529, 78 So. 883; Code 1907, § 6040. Code 1907, § 3386, applies to subsequent and not existing creditors. Hill v. Rentz, supra.

H. G. Tiller, of Geneva, for appellee.

In the absence of an exception, the oral charge of the court will not be reviewed.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Capital Sec. Co. v. Owen, 196 Ala. 387, 72 So. 8; Mobile L. & R. Co. v. Ellis, 209 Ala. 584, 96 So. 773. Plaintiff made out its prima facie case when it introduced in evidence its affidavit, attachment writ, and return of sheriff, and proved a debt owing by defendant to plaintiff, and that the property levied upon was in possession and control of defendant at the time of levy. The burden thereupon shifted to claimant to prove that the property attached was its property. Wollner & Lowenstein v. Lehman, Durr & Co., 85 Ala. 280, 4 So. 643; Bush v. Henry, 85 Ala. 606, 5 So. 321; Jones v. Franklin, 81 Ala. 161, 1 So. 199; Rodenberg v. Claflin Co., 104 Ala. 563, 16 So. 448; Ross v. Lawson, 105 Ala. 533, 16 So. 915; Cochran v. Garrard, 150 Ala. 582, 43 So. 721. The burden was on claimant to prove record of its mortgages within three months and notice to plaintiff of its lien. Nolen v. Farrow, 154 Ala. 272, 45 So. 183; Ely v. Pace, 139 Ala. 293, 35 So. 877; Bynum v. Gold, 106 Ala. 427, 17 So. 667; Hodges v. Winston, 94 Ala. 578, 10 So. 535; Code 1923, § 6890. There is no error in refusing charges covered by charges already given. Acts 1915, p. 815; Clinton Min. Co. v. Bradford, 200 Ala. 308, 76 So. 74.

BRICKEN, P. J. This is a trial of the right of property. It was a question for the jury, under the evidence, whether or not the several mortgages and bills of sale offered in evidence, by the claimant, covered the property seized by the sheriff under the plaintiff's attachment.

The evidence shows that all of the lumber was manufactured in the state of Florida, where defendant's mill was located, and then moved for shipment, into Geneva county, Ala.; and there was evidence tending to show that some of the lumber had been in this state more than three months when the levy was made. Part of the plaintiff's claim accrued subsequent to the date of some of the mortgages under which appellant claimed title to the property. The only assignments of error insisted upon by the appellant relate to a portion of the oral charge of the court, and to charges requested by the appellant and refused.

[1] No exception was reserved to the oral charge of the court and the first assignment of error presents nothing for review. Mobile Light & Ry. Co. v. Ellis, 209 Ala. 580, 96 So. 773.

[2] Charge 6 refused to claimant was fully covered by charges 4 and 5 given at claimant's request.

[3] Charges 7, 8, and 9, misplace the burden of proof. The burden was on the plaintiff to show that the property had been in Geneva county three months or more, and then it shifted to the claimant to show the recording of the mortgage within the time prescribed by the statute.

[4] Charge 10 is unsound. If plaintiff's claim accrued subsequent to the claimant's mortgage then he is within the protection of the statute. Hill v. Rentz, 201 Ala. 527, 78 So. 581.

[5] Charges 11, 12, 13, and 14 assert the bringing of mortgaged property into this state, where it is brought for shipment, only, is not within the statute that requires such mortgages to be recorded, although the property remains in this state more than three months. There is no such exception in the statute, and the proposition asserted is unsound.

We find no error in the record.

Affirmed.