79 So.2d 436

## W. T. MARTIN'S ADMINISTRATORS
### v.
### Mrs. Thelma E. HUDSON.

4 Div. 220.

Court of Appeals of Alabama.

Jan. 12, 1954.

Rehearing Denied March 16, 1954.

Reversed after Remandment March 15, 1955.

Further Rehearing Denied April 5, 1955.

Archie I. Grubb, Eufaula, for appellee.

W. Seymore Trammell, Eufaula, for appellant.

PRICE, Judge.

Plaintiff was involved in an accident with an automobile in which Earl Martin and Reid Martin were riding. On February 26, 1951, she sued out an attachment against said parties as non-residents of Alabama, which was levied on a Ford automobile as the property of defendants. Affidavit and claim bond was filed by claimant, based upon a "Just title" to the property levied on. During the trial of the issues thus made, claimant was properly permitted to amend his claim by filing an affidavit setting forth that his claim was based on a mortgage. Witherington v. Gainer, 149 Ala. 655, 43 So. 117.

Where a claim is interposed by a third party under Title 7, Section 1168, Code, "the issue on the trial is whether the property levied on is subject to the writ,

and on this issue the plaintiff takes the affirmative, and has the burden of proving that the defendant has such title in the property as is subject to levy and sale under the writ. This burden, as a general rule, is met and a prima facie case made for the plaintiff by evidence showing that the property was in the possession of the defendant at the time of the levy, and the claimant, to meet the prima facie case, may offer any evidence touching this issue that tends to show that the defendant has no such title as is subject to the writ, or that the plaintiff has no lien or is estopped to assert such lien, or that the right and title of the claimant are superior to any claim or right of the defendant. Millitello v. B. F. Roden Grocery Co., 190 Ala. 675, 67 So. 420; Brothers v. Russell & Duke, supra [195 Ala. 643, 71 So. 450.]" Loveman, Joseph & Loeb v. Foster, 227 Ala. 385, 150 So. 170.

The plaintiff introduced in evidence the attachment writ with the sheriff's return, and rested.

Claimant introduced the following evidence:

Defendant Earl Martin testified claimant was his father; on December 4, 1950, witness purchased the Ford automobile in question from Solomon Shattah, of Eufaula, for the price of $1300, which sum he borrowed from claimant. A cancelled check, dated December 4, 1950, drawn on the Eufaula Bank & Trust Company, for $1300, signed by W. T. Martin, payable to Earl Martin, duly endorsed by Earl Martin and Solomon Shattah, was introduced as claimant's exhibit 1, which witness testified was given in payment for the automobile. Witness testified he later executed a mortgage on the automobile to claimant. An instrument entitled "Retention of title contract," for the payment of $1300 for the Ford automobile dated December 12, 1950 payable $200 down, with the balance in monthly installments of $50 each, beginning January 1, 1951, and ending October 1, 1952, was introduced as claimant's exhibit 2.

On cross examination he testified the Justice of the Peace who was the attesting witness to the execution of the instrument was his brother-in-law. Witness had never given his father a bill of sale to the car; claimant had not foreclosed the paper nor sued him in court for possession of the automobile.

Claimant testified he resides in Quitman County, Georgia; he is the father of Earl Martin; he loaned Earl Martin $1300, in the form of a check, to buy the car and later took a mortgage on it. The instrument was filed for record in Quitman County, Georgia, on April 16, 1951; his son had never paid the $200 down payment and had paid only two of the $50 payments, shown on the instrument; the balance due on the mortgage is $1200, with interest; the car has been in his possession since he executed the claim bond; the mortgage was in default at the time of the attachment, the $200 not having been paid.

The cause was tried by the court sitting without a jury and the trial court found the property levied upon to be that of Earl Martin, one of the defendants in attachment, and was subject to the process, and "said claimant does not own the title, legal or equitable, or a lien paramount to the right, title or interest in said property of Earl Martin," and entered judgment for plaintiff.

We cannot agree with appellee's contention that plaintiff was entitled to judgment because claimant's affidavit based his claim on a mortgage and the proof showed the instrument to be a retention of title contract, therefore, there was a fatal variance between the pleading and proof. In Bern v. Rosen, 36 Ala.App. 296, 55 So. 2d 361, we construed the instrument to be in effect a chattel mortgage, and on certiorari the Supreme Court approved such construction. Bern v. Rosen, 259 Ala. 292, 66 So.2d 711.

Question is raised in appellee's brief as to the bona fides of the transaction between claimant and defendant Earl Martin, principally because of the kinship of the parties and because the instrument was not

filed for record until April 16, 1951, in Georgia, and April 18, 1951, in Alabama, the levy having been made on February 26, 1951.

We think the following observations by Judge Mayfield in Jackson v. Wilson Brothers, 201 Ala. 529, 78 So. 883, are decisive of these contentions:

"The mortgage was prior in date to any judgment or execution lien, and, if valid, passed the title by assignment to appellee, the claimant.

"It is insisted in argument by appellant, the plaintiff, that it was not shown that the mortgage was recorded in the county of the residence of the mortgagor, and in the county in which the property was located, as provided by section 3386 of the Code, and that, unless so recorded, the mortgage was void as against the plaintiff, a creditor of the mortgagor.

"There are several answers to this contention. One is, that it was shown by inference that the statute in question was complied with; and no question as to the statute's not being complied with was raised in the lower court. * * * Third, that the burden of proof is by the statute (Code, § 6040) cast on the plaintiff to show that the property is that of the defendant, and is liable to the satisfaction of the writ or process.

"There was evidence to show that the property was that of the defendant, but not to show that it was liable to the satisfaction of plaintiff's process. The mortgage prima facie passed the title out of the defendant and mortgagor, so that it was not liable to the process in question. If the mortgaged property, because of irregularity or invalidity in the execution of the instrument, or in its recordation, did remain subject to the process, the burden was on the plaintiff to show these facts—and none of them were shown." See also Hill v. Rentz, 201 Ala. 527, 78 So. 881.

■ The kinship of the claimant and defendant created no presumption of fraud, and if there was proof sufficient to make out claimant's case, the relationship did not cast on him the additional burden of making other and clearer proof of the good faith of the parties. Teague v. Lindsey, 106 Ala. 266, 17 So. 538; Troy Fertilizer Co. v. Norman, 107 Ala. 667, 18 So. 201.

In brief appellee asserts:

"At this point it is interesting to note that the contract was not even in default at the time of the levy on February 26, 1951, as it shows on its face that the February 1, 1951, payment was paid which by its very terms kept it from being in default before March 1, 1951."

■■ As we have said, the instrument was a mortgage, and a mortgagee of personal property may interpose and support a claim for the trial of the right, if the property is levied on by execution or attachment against the mortgagor, though the law-day of the mortgage has not arrived. Section 1172, Title 7, Code. Boswell & Woolley v. Carlisle, Jones & Co., 70 Ala. 244.

■ The claimant by the undisputed evidence has shown a mortgage dated prior to the levy of attachment and the plaintiff has failed to meet the burden resting upon her under the authorities supra, of introducing evidence to prove that the mortgaged property remained liable to the satisfaction of her process. We are therefore of the opinion the court erred in finding for the plaintiff.

Reversed and remanded.

### On Application for Rehearing

In deference to counsel's request we here set out the following portions of appellee's brief as to the claimed mala fides of the transactions between claimant and defendant Earl Martin:

"In deciding this case the writer of this brief is certain that the Court will, *as the lower court did,* scrutinize the instrument upon which claimant must stand or fall and also the peculiar circumstances surrounding its execution. In order to do so it was necessary that the original instrument be

transmitted to this Court which was done. In so doing it is respectfully suggested that special attention be given to the following oddities:

"(1) The check for $1300.00 is dated December 4, 1950, and was cashed on December 5, 1950—the instrument is dated December 12, 1950.

"(2) This is a Georgia transaction yet an Alabama form is used.

"(3) All of the blank spaces in the instrument are typed except the date which is in pen and ink.

"(4) The signature of Earl Martin and the two credits are in the same colored ink—the date and signature of the Justice of Peace in a darker *and obviously more recently applied ink.*

"(5) The instrument was not filed for record until April 16, 1951, in Georgia and April 18, 1951, in Alabama, the levy having been made on February 26, 1951.

"(6) The transaction was between father and son with the son-in-law and brother-in-law acting as the only witness.

"(7) The instrument shows on its face that $200.00 of the $1300.00 was paid at or before the time of its execution and that $100.00 has been paid since yet the interested parties swear that only $100.00 had been paid leaving a balance of $1200.00.

"(8) No books of account were offered in evidence to corroborate these figures.

"(9) According to claimant's bond the value of the car as of April, 1951, was $900.00 yet he now claims a $1200.00 balance having permitted $450.00 to become in arrears since the attachment.

"(10) No one not a member of claimant's own immediate family has testified to the bona fides of this transaction.

"In conclusion, suffice to say that the trial Judge, after hearing the evidence, after careful inspection of the instrument, and after consideration of the other peculiar circumstances surrounding claimant's claim, decided that such claim was not bona fide but merely a sham and a subterfuge. Under such circumstances his decision should not be disturbed on this appeal."

The burden was on the plaintiff to show that the automobile had been in Barbour County three months or more, before it shifted to the claimant to show the recording of the mortgage within the time prescribed by statute. Cornelius Lumber Co. v. Lawhorn-Smith & Co., 21 Ala.App. 118, 105 So. 713; Jackson v. Wilson Bros., supra. Opinion extended.

Application overruled.

### After Remandment

After remandment we have applied the facts, which are set out in our opinion, to the governing principle of law as stated by the Supreme Court, and we are of the opinion that there was no fraud shown.

Reversed and remanded.